182 So.2d 447 (1966)
Michael F. BRADFORD, doing business as Bradford Contracting Company, McDonough Construction Company of Florida, a Florida corporation and Seaboard Surety Company, a New York corporation, Appellants,
v.
FOUNDATION & MARINE CONSTRUCTION COMPANY, Inc., a Florida corporation, Appellee.
No. 5420.
District Court of Appeal of Florida. Second District.
February 2, 1966.
*448 Marvin Barkin, of Fowler, White, Gillen, Humkey & Trenam, Tampa, and Edgar Miller, of Miller & Russell, Miami, for appellants.
J.D. Hobbs, Jr., of Cramer & Hobbs, and Paul H. Roney, of Roney & Beach, St. Petersburg, for appellee.
ALLEN, Chief Judge.
Appellants, defendants below, appeal from a final judgment awarding sums for work done under the contract, services rendered, charge backs, bond premium, crane rental and attorneys' fees.
The subject of this case is the building of a canal. The principal controversy arose out of the interpretation of construction contracts entered into by the contestants and liability of payment for work done by the appellee, plaintiff below. The three day trial involved resolving the contractual issues by seeing and hearing eight witnesses give testimony and understanding the thirty-seven exhibits filed.
After trial, the judge, who heard the case without a jury, denied appellants' motion for a directed verdict and reserved rendition of verdict and judgment. After this reservation, the circuit judge retired and the cause was transferred to another judge of the circuit. The successor judge made findings upon the record alone and entered a final decree after denying appellants' motion for a trial of the issues de novo.
We are faced squarely with whether it was error for the successor judge to enter findings and a final decree, when testimonial proof was given at trial, on a cause tried completely by his predecessor, without a jury, but undetermined thereby.
*449 We have studied the cases from this jurisdiction cited by both sides and find that they neither are in point nor help direct the way to our decision. Further research pointed out that the other jurisdictions, which have passed upon this question, have arrived at opposite results. Annot. 54 A.L.R. 952; 30 Am.Jur., Judges §§ 39, 40 (1958).
It is generally stated that a successor judge may complete any acts uncompleted by his predecessor where they do not require the successor to weigh and compare testimony. 48 C.J.S. Judges § 56a (1947). Also, in the absence of a statute to the contrary, a successor judge cannot generally make findings or render a final decree even though the testimony is transcribed at trial and preserved. 48 C.J.S. Judges § 56b (1947); 54 A.L.R. 959(e).
Reason and conscience lead this court, in line with other jurisdictions, to adopt the rule that where oral testimony is produced at trial and the cause is left undetermined, the successor judge cannot render verdict or judgment without a trial de novo, unless upon the record by stipulation of the parties. Feldman v. Board of Pharmacy of Dist. of Columbia, D.C.Mun. App., 150 A.2d 100 (1960); Cram v. Bach, 1 Wis.2d 378, 83 N.W.2d 877, aff'd on rehearing, 1 Wis.2d 370, 85 N.W.2d 673 (1957); Dawson v. Wright, 234 Ind. 626, 129 N.E.2d 796 (1955); McAllen v. Souza, 24 Cal. App.2d 247, 74 P.2d 853 (1938); State ex rel. Wilson v. Kay, 164 Wash. 685, 4 P.2d 498 (1931).
The appellee argues that Sections 26.19 and 38.12, Florida Statutes, F.S.A., govern the outcome of this decision in the absence of Florida case law.
Section 38.12 states, in pertinent part:
"Upon the resignation, death or impeachment of any judge, all matters pending before him shall be heard and determined by his successor, and parties making any motion before such judge shall suffer no detriment by reason of his resignation, death or impeachment. * * *" (Emphasis added.)
The phrase "heard and determined" is ambiguous. We agree with a sister state's interpretation of a similar statute that it does not authorize the successor judge to weigh and compare testimony of witnesses whom he did not see or hear. Cram v. Bach, 1 Wis.2d 378, 85 N.W.2d 673 (1957).
Section 26.19 states, in pertinent part:
"No civil or criminal cases, suits in equity, * * * finding, decree, judgment * * * shall abate, be quashed, set aside, reversed, qualified, dismissed, defeated, or held to be in error because of the changes in any circuit or circuits, or judge or judges, * *."
The legislature originally enacted this section in 1935 as part of the act entitled "An Act Redistricting the State of Florida into Judicial Circuits * * *." Laws of Florida, 1935, Chapter 17085. The clear purpose of Section 26.19 was to obviate the necessity of discontinuance of an action in a case pending when a vacancy existed because of a change in the circuits or judges of the circuit. Here, the suit is not being held in error because of the change of judge alone, but on the rationale that the successor failed to hear the cause de novo.
Our adoption of the rule requiring a decision upon the facts from a judge who heard the evidence is not to be lightly taken. No one would contend that the permanent absence of a juror, after having heard the evidence and before a verdict is rendered, would not be ground for a mistrial. Appellate courts lean as heavily upon judge's findings as they do upon jury verdicts. This reliance on a judge, or jury as a trier of fact is in recognition of their opportunity to personally hear the witnesses and observe their demeanor in the act of testifying. The absence of this opportunity leaves a gap in the proper procedure of trial.
*450 The transcript shows that the successor judge would have had to weigh and compare the testimonial evidence of eight witnesses whom he did not see or hear. In view of the foregoing, appellants' motion for trial de novo should have been granted.
In the light of our decision on this question, we need not discuss appellants' other points on appeal.
Reversed and remanded for proceedings not inconsistent with this opinion.
LILES and PIERCE, JJ., concur.