PER CURIAM.
Plaintiff, Olympic Manufacturing Company, takes this interlocutory appeal from an order granting rehearing.
This cause which was concluded on January 11, 1966, was heard before Judge Ray Pearson. Judge Pearson dictated the final decree on January 11, 1966. On January 12, 1966 Judge Pearson’s term of office expired. On January 17, 1966, his successor, Judge Gene Williams signed the decree which had been dictated by Judge Pearson.
Judge Williams granted rehearing on the ground that the decree is void because he was without jurisdiction to sign and enter it-
“It is generally stated that a successor judge may complete any acts uncompleted by his predecessor where they do not require the successor to weigh and compare testimony.” Bradford v. Foundation & Marine Construction Co., Fla.App.1966, 182 So.2d 447, 449; See Groover v. Walker, Fla.1956, 88 So.2d 312.
We conclude from the above that Judge Williams had the authority to sign and enter the final decree. Therefore, it was error to grant the defendant’s petition for rehearing. We have also reviewed defendant’s contention on cross-appeal and find it to be without merit.
Accordingly the order appealed is reversed.
Reversed.