ERVIN, Justice
(dissenting):
It appears the Deputy Commissioner signed a compensation order in this case after a full evidentiary hearing before him but did not release the signed order prior to the time his deputy’s commission expired. The order was released by the successor deputy, owing to the fact his said predecessor made an affidavit reciting the foregoing facts relating to the order. The full Commission reversed the order with directions that a de novo hearing be held by the successor deputy because said order was not released prior to the time the first deputy’s commission expired. It also said “some of the conclusions in the * * * order * * * do not appear to be supported by competent substantial evidence.” However, as the latter reason was not supported by any specifics I conclude it lacks basis as an additional ground for reversal.
It seems to me that under the related circumstances the first Deputy’s order should stand, no showing of fraud • or illegality appearing. The act of the second deputy in releasing the signed order was ministerial only. Compare Bradford *165 v. Foundation & Marine Construction Co. (Fla.App.2d), 182 So.2d 447.
Even if the order signed by the first deputy is deemed a nullity, a de novo evi-dentiary hearing could be avoided by the Commission designating the first deputy a deputy pro hac vice to render a final determination on the evidence already taken before him. See F.S. Section 440.45(4), F.S.A.
The claimant has already been delayed more than two years in having his claim decided — through no fault of his own — and should not now be put to the further delay of a de novo hearing. I do not believe this delay is in keeping with the interpretation of the Workmen’s Compensation statute that contested claims should be expeditiously heard.