252 So.2d 865 (1971)
Ruth SILVERN, Appellant,
v.
Stanley SILVERN, Appellee.
No. 71-181.
District Court of Appeal of Florida, Third District.
October 5, 1971.
Rehearing Denied October 20, 1971.
Richard L. Lapidus, Miami, for appellant.
Milton M. Ferrell, Miami, for appellee.
Before SWANN, C.J., and PEARSON and HENDRY, JJ.
PER CURIAM.
Ruth Silvern appeals a final decree of divorce and urges as error that the successor judge to the judge who heard the case was without authority to sign the judgment. She also urges as error a finding by the trial judge relative to the ownership of the residence of the parties. We think that the first question requires reversal *866 and therefore do not reach the second question. The circumstances leading to the signing of the judgment by a judge who did not hear the case are set forth in the introductory paragraphs of the order. It so fully explains the situation that we adopt it as our statement of fact.
"THIS CAUSE coming on to be heard for final hearing before the Honorable JAMES LAWRENCE KING, who was a Judge of the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida, at the time said final hearing was completed, and attorneys for both sides had filed Memorandums of Law, and the said JAMES LAWRENCE KING decided said cause and formulated his decision and final judgment prior to the time his resignation from the above styled Court was effective, but reduced the same to writing after his resignation and after he was sworn in as United States District Judge for the Southern District of Florida, and mailed a copy of his Final Judgment of Divorce to counsel for each party, although said Final Judgment was not signed. Thereafter, Judge JAMES LAWRENCE KING executed his Affidavit on December 29, 1970, which is filed in this record and stated, under oath, that his decision in this cause was made prior to the time his resignation was effective as a Circuit Judge of the Eleventh Judicial Circuit in and for Dade County, Florida.
"This Court is of the opinion that there is nothing further to be done in this cause other than to sign a Final Judgment of Divorce of Judge King after he had heard all of the evidence and reached a decision while he was a Circuit Judge of the above styled Court, and the only thing for this Court to do constitutes a ministerial act, and this Court is of the opinion that it should enter the Final Judgment of Divorce which Judge JAMES LAWRENCE KING prepared. It is, therefore, * * *"
* * * * * *
The general rule as to the authority of a successor judge over matters which have been litigated by the first judge is adequately set out and fully discussed in Groover v. Walker, Fla. 1956, 88 So.2d 312 and Bradford v. Foundation and Marine Construction Co., Fla.App. 1966, 182 So.2d 447. It is unnecessary to repeat that discussion here except to state the principle which is generally adhered to throughout the United States that where the authority of a trial judge is terminated by death or otherwise and there is pending before him matters upon which he has not ruled, his authority to rule terminates at the time of the expiration of his authority as judge. Mace v. O'Reilley, 70 Cal. 231, 11 P. 721 (1886); Reimer v. Firpo, 94 Cal. App.2d 798, 212 P.2d 23 (1949); Wainwright v. P.H. & F.M. Roots Co., 176 Ind. 682, 97 N.E. 8 (1912); City of Clinton ex rel. Richardson v. Keen, 192 Okla. 382, 138 P.2d 104 (1943); State ex rel. Wilson v. Kay, 164 Wash. 685, 4 P.2d 498 (1931); Hawley v. Priest Rapids Ice & Cold Storage Co., 172 Wash. 71, 19 P.2d 400 (1933); 48 C.J.S. Judges § 56 (1947); Annot. 22 A.L.R. 3rd 922 (1968). There have been exceptional cases in which the courts have held that where a judgment has actually been fully effected the judgment could stand. The appellee relies upon one such case from this court. See Olympic Manufacturing Co. v. Shepherd, Fla.App. 1966, 190 So.2d 588.
The Olympic Manufacturing Co. decision is different from this case in that the trial judge in Olympic had actually reduced the judgment to writing and nothing remained to be done except the fixing of the signature. Without reaffirming the holding of this court in the Olympic Manufacturing Co. decision, we express the reservation that the decision reaches the extreme length to which the exceptions to the general rule can be pressed. It would be a dangerous precedent to create a further exception that a judge who has left the judicial office can later reduce to writing thoughts or a decision which he believes he made while still holding the office. cf. *867 State ex rel. Wilson v. Kay, 164 Wash. 685, 4 P.2d 498 (1931).
The final judgment entered in this case is reversed and the cause is remanded for a retrial unless the parties shall by a proper stipulation agree to the use of all or a portion of the testimony taken. In event such a stipulation shall be entered (as appears likely from the perusal of this record) the trial judge is expressly granted the authority to honor such stipulation and in event he shall so decide, to take such further testimony as shall in his opinion be required in order to decide the case.
Reversed and remanded.