376 So.2d 439 (1979)
Lucy J. ANDERS, Appellant,
v.
Thaddeus A. ANDERS, Appellee.
No. 00-69.
District Court of Appeal of Florida, First District.
October 30, 1979.
*440 Terry P. Lewis, Tallahassee, for appellant.
Stanley Bruce Powell of Powell, Powell & Powell, Tallahassee, for appellee.
PER CURIAM.
The parties' marriage was dissolved in February, 1978. In December, 1978, appellant-wife sought relief from or modification of the judgment of dissolution. A hearing was held and, after appellant's testimony, counsel for appellee moved for a directed verdict in appellee's favor. The trial judge said, "I am going to grant the motion." The judge, however, left office in January, 1979, without having reduced his decision to writing. Subsequently, the successor judge denied a motion for rehearing and rendered a final judgment for appellee, stating that he considered his action to be merely ministerial.
We reverse. This case is distinguishable from Olympic Manufacturing Co. v. Shepherd, 190 So.2d 588 (Fla. 3d DCA 1968), wherein the predecessor judge had written, but not signed, an order, and the successor simply signed the prior judge's order. The appellate court held the order to be valid.
Here, however, it is entirely possible the judge who heard the evidence could have changed his mind before rendering his order. In any event, it would be speculative to assume the first judge would have written substantially the same order as that fashioned by his successor. See Silvern v. Silvern, 252 So.2d 865 (Fla. 3d DCA 1971), wherein a judgment, written by one judge after he left office and signed by his successor, was held invalid.
In effect, no decision has been made in this case. The lower court, on remand, should hold a de novo hearing on appellant's motion for relief or modification before entering a judgment. If the parties so stipulate, of course, the transcript of the prior hearing may be utilized along with whatever other evidence they wish the judge to consider.
REVERSED.
McCORD, Acting C.J., SHIVERS, J., and MASON, ERNEST E., Associate Judge, concur.