536 So.2d 1078 (1988)
James Sweetman BEATTIE, Appellant,
v.
Juno Marie BEATTIE, and Celebrities, Inc., D/B/a Wexy, Appellees.
No. 88-1212.
District Court of Appeal of Florida, Fourth District.
November 9, 1988.
*1079 M. Ross Shulmister of Law Offices of M. Ross Shulmister, Fort Lauderdale, for appellant.
Randolph W. Adams, Fort Lauderdale, for appellee Juno Marie Beattie.
DOWNEY, Judge.
The marriage of James and Juno Beattie was dissolved in November, 1983. The judgment contained a property settlement agreement in which James agreed to maintain a life insurance policy on his life for $100,000 naming Juno as irrevocable beneficiary.
Sometime after the dissolution James and Juno became involved in litigation involving other matters. This litigation was settled and an agreement reached where, among other things, the parties agreed that, if the life insurance policy above referred to should lapse for nonpayment of premiums, Juno would have a claim for $100,000 against James's estate after payment of estate expenses.
In February, 1988, Juno filed a motion to enforce the settlement agreement and require James to procure a new $100,000 life insurance policy since the first policy had lapsed as a result of missed premium payments. The matter was heard before a circuit judge, who directed counsel to prepare an order in favor of Juno requiring a policy to be provided. Unfortunately, the trial judge was removed from the bench by the Supreme Court of Florida. Thereafter, a successor judge was assigned to the case and he entered an order in accordance with his predecessor's ruling.
Both parties agree that the existing law of Florida is that a successor judge may not enter an order or judgment based upon evidence heard by the predecessor. Bradford v. Foundation & Marine Construction Co., 182 So.2d 447 (Fla. 2d DCA 1966); Anders v. Anders, 376 So.2d 439 (Fla. 1st DCA 1979); Silvern v. Silvern, 252 So.2d 865 (Fla. 3d DCA 1971).
Accordingly, the order appealed from is reversed and remanded for further proceedings, which may include use of a transcript of the evidence adduced before the original judge if the parties so stipulate.
HERSEY, C.J., and WALDEN, J., concur.