PER CURIAM.
This cause -is before us on petition for writ of common law certiorari. The trial judge held a hearing on September 22, 1988, on a motion by personal representative for attorney fees. On January 4,1989, the trial judge was sworn in as an appellate judge. After being sworn in, he issued an order on March 19, 1989, granting attorney fees and costs to the personal representative based on the September 22, 1988 hearing. Petitioner contends in his petition for certiorari that the judge, as an appellate judge, no longer had authority to issue the circuit court order granting attorney fees and costs. We are in agreement with petitioner.
The general rule is that where the authority of a trial judge is terminated and there is pending before him matters upon which he has not ruled, his authority to rule .terminates at the time of the expiration of his authority as judge. Anders v. Anders, 376 So.2d 439 (Fla. 1st DCA 1979), and Silvern v. Silvern, 252 So.2d 865 (Fla. 3d DCA 1971). The trial judge’s swearing in as an appellate judge ended his authority in the circuit court and rendered his order of March 19, 1989 a nullity. In effect, no decision has been made in this case on the motion by personal representative for attorney fees. The appropriate procedure is for the court to remand the case for a de novo hearing on petitioner’s motion. If the parties so stipulate, all or a portion of the transcript of the prior hearing may be used *279 along with any other evidence they wish the judge to consider.
Accordingly, the petition for certiorari is granted, the March 19, 1989 order granting attorney fees and costs is quashed, and the cause is remanded to the circuit court for a de novo rehearing on the motion by personal representative for attorney fees.
BOOTH, JOANOS and BARFIELD, JJ., concur.