578 So.2d 347 (1991)
Gloria CARR, Appellant,
v.
Nathan BYERS, Appellee.
No. 90-1866.
District Court of Appeal of Florida, First District.
April 4, 1991.
Rehearing Denied May 14, 1991.
E. Allen Ramey, of Ramey and Davis, DeFuniak Springs, for appellant.
Gillis E. Powell, Sr., of Powell, Powell & Powell, Niceville, for appellee.
PER CURIAM.
At the conclusion of a bench trial, the trial judge advised the parties, "I think I'll draw this judgment and submit it to y'all for your challenge." Thereafter, without notice to the appellant, the trial judge telephoned counsel for the appellee and requested that he submit a proposed final judgment. That proposed final judgment was then edited by the trial judge and dictated to his secretary.
Within a week, and without taking further action with respect to the judgment, the trial judge was killed in an airplane accident. After a hearing on the appellee's motion for entry of final judgment, at which counsel for the appellee cited Olympic Manufacturing Co. v. Shepherd, 190 So.2d 588 (Fla. 3d DCA 1966), and Anders v. Anders, 376 So.2d 439 (Fla. 1st DCA 1979),[1] the successor judge executed the proposed final judgment. This appeal ensued.
There is no reason to believe that the trial judge was not going to do what he had *348 advised the parties he would do, that is, submit a proposed judgment to both sides for their comment. This points up the necessity for adhering to the rule, cited by the appellant, that a successor judge may not enter an order or judgment based upon evidence heard by the predecessor judge.[2]
While there are no Florida cases which involve these exact circumstances, we hold that until rendered, the decision of a trial judge is not a judgment, and the above cited rule applies.[3] Here, the predecessor judge did not render final judgment. A "proposed" final judgment was reduced to writing by the predecessor judge, but it was not signed by him, recorded or filed, or publicly announced. The successor judge therefore erred in signing and filing the proposed final judgment without hearing the evidence.
REVERSED and REMANDED for a new trial.
NIMMONS, BARFIELD and ALLEN, JJ., concur.
NOTES
[1] In Olympic, the trial judge dictated a final judgment the same day as the hearing and left office the next day; his successor signed the decree. The judgment was upheld. In Anders, the trial judge stated that he would grant a motion for directed verdict, but left office without having reduced his decision to writing; this court distinguished Olympic, noting that there the successor judge "simply signed the prior judge's order":

Here, however, it is entirely possible the judge who heard the evidence could have changed his mind before rendering his order. In any event, it would be speculative to assume the first judge would have written substantially the same order as that fashioned by his successor. See Silvern v. Silvern, 252 So.2d 865 (Fla. 3d DCA 1971), wherein a judgment, written by one judge after he left office and signed by his successor, was held invalid.
376 So.2d at 440.
[2] In Beattie v. Beattie, 536 So.2d 1078, 1079 (Fla. 4th DCA 1988), the trial judge heard a motion to enforce a marriage dissolution settlement agreement and directed counsel to prepare an order in favor of the movant. The trial judge was removed from the bench by the Supreme Court, and his successor entered an order in accordance with the predecessor judge's ruling. The appellate court reversed, citing Bradford v. Foundation & Marine Construction Co., 182 So.2d 447 (Fla. 2d DCA), cert. den., Foundation & Marine Construction Co. v. Bradford, 188 So.2d 821 (1966); Anders v. Anders, 376 So.2d 439 (Fla. 1st DCA 1979); and Silvern v. Silvern, 252 So.2d 865 (Fla. 3d DCA 1971) for the following proposition:

[T]he existing law of Florida is that a successor judge may not enter an order or judgment based upon evidence heard by the predecessor.
[3] In Wainwright v. P.H. & F.M. Roots Co., 176 Ind. 682, 97 N.E. 8 (1912), the trial judge prepared and signed findings and conclusions, but died before announcing or filing them. The successor judge adopted the signed findings and rendered judgment. The appellate court reversed, stating that signed findings are merely tentative and potential and have no force until publicly announced, so that the successor judge was, in legal effect, deciding the issues in a case in which he had not heard the evidence.

Even where the trial judge orally announces his findings but dies before signing written findings and conclusions, the successor judge cannot sign findings and conclusions subsequently filed. State ex rel. Wilson v. Kay, 164 Wash. 685, 4 P.2d 498 (1931); Beattie; Anders. While an order is in the judge's possession, whether signed or not, it is subject to change. State v. Dowdell, 55 Md. App. 512, 464 A.2d 1089 (1983), cert. den., Dowdell v. State, 298 Md. 310, 469 A.2d 864 (1984); Wainwright; Anders. In Labonte v. Lacasse, 78 N.H. 489, 102 A. 540 (1917), the court observed that since the predecessor judge had not signed the decree, different conclusions could be reached about what he intended to do. In Wilson, the court noted that, notwithstanding an oral pronouncement, the judge might change his mind upon further reflection, and the oral announcement was not binding upon the judge.