FERGUSON, Judge.
A rather novel issue is presented: Whether a successor judge, hearing a motion for rehearing in a dissolution proceeding on the single issue of the wife’s right to relocate with the minor children, may conduct a de novo hearing and reverse on the relocation issue where the judge who entered the original judgment also granted the motion for rehearing and, because he would be unavailable to rehear the case, assigned it to the successor judge.
In December 1989, the appellee wife filed a petition for dissolution of marriage; the case was assigned to Judge Wetherington. During the hearing, the subject of the wife’s relocation to South Carolina with the minor children was contested. Judge Wetherington entered a final judgment of *1172 dissolution m July 1990, wherein he denied the wife’s request to relocate based on a finding that there were several factors which outweighed any positive advantages of the move.
The wife filed a motion for rehearing on the relocation issue on August 2, 1990. After learning of Judge Wetherington's impending sabbatical leave from the court, the wife’s counsel wrote a letter to Judge Wetherington requesting that he rule on her motion before leaving. Judge Wether-ington, then chief judge with authority to reassign cases, granted the wife’s motion for rehearing and set the matter before a substitute judge. The successor judge, Herbert Klein, presided over the rehearing, where the parties testified again. Judge Klein entered orders partially vacating and amending the original final judgment, allowing the wife to relocate. By this appeal, Mr. Davalos challenges the authority of Judge Klein, the successor judge, to enter a judgment reversing, in part, the original judgment entered by Judge Weth-erington.
Mr. Davalos contends that an appeal was the sole remedy, relying on the general rule that a successor judge may not grant a motion for rehearing and proceed to review and modify a judgment based on the same facts heard by the predecessor judge. Groover v. Walker, 88 So.2d 312 (Fla.1956); Batista v. Batista, 553 So.2d 1281 (Fla. 3d DCA 1989); Martin v. Robertson, 533 So.2d 943 (Fla. 5th DCA 1988); Pratt v. Gerber, 330 So.2d 552 (Fla. 3d DCA 1976).
There is a concomitant rule, however, that a successor judge may complete any acts uncompleted by his predecessor so long as a trial de novo is held where a final disposition requires a resolution of disputed issues of fact. Bradford v. Foundation & Marine Constr. Co., 182 So.2d 447 (Fla. 2d DCA), cert. denied, 188 So.2d 821 (Fla.1966). Here, by the original judge’s order granting a new hearing on the relocation issue, and by a proper assigning of the case to another judge to dispose of the issue in a trial de novo, it was specifically contemplated that disposition of the relocation issue was incomplete, and would be completed by the successor judge. The practical rule of law from Bradford supports the actions of the trial judges in this case. See also Annotation, Power of Successor or Substituted Judge, in Civil Case, to Render Decision or Enter Judgment on Testimony Heard by Predecessor, 22 A.L.R.3d 922 (1968).
Affirmed.