WIGGINTON, Judge.
After thoroughly reviewing the voluminous record in this appeal, and carefully considering the arguments presented at oral argument, we affirm — with the exception of one — all issues raised by appellants. The issue upon which we are compelled to reverse regards Judge Cole’s award of sanctions in favor of appellee St. Joe Paper Company. As we find this issue to be controlled by our decision in Carr v. Byers, 578 So.2d 347 (Fla. 1st DCA 1991), we hold that Judge Cole was prohibited from entering a written order awarding sanctions without first holding an eviden-tiary hearing. It is irrelevant that Judge Turner had much earlier held a hearing on this point; he nonetheless failed to enter a written order actually awarding sanctions. As a result, we must necessarily adhere to the rule reiterated in Carr that absent an agreement between the parties, “a successor judge may not enter an order or judgment based upon evidence heard by the predecessor judge.” 578 So.2d at 348 [footnote omitted]. Because there was no such agreement between the parties here, we reverse the award of sanctions and remand the cause to the trial court to review the matter and conduct an evidentiary hearing thereon.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
BARFIELD and ALLEN, JJ., concur.