PER CURIAM.
We reverse the final summary judgment entered by a successor judge in this cause.
Judge Herbert Klein, upon conclusion of the hearing on defendant BellSouth Advertising & Publishing Corporation’s motion for summary judgment, entered an order granting the motion for summary judgment. D.J. Air Conditioning, Inc. [“D.J.”], prematurely appealed from this order. Realizing its error, D.J. filed a motion to dismiss the appeal. However, this court relinquished jurisdiction under Florida Rule of Appellate Procedure 9.110(m) to permit entry of a final appealable judgment. In the interim, Judge Klein retired from the bench and Judge Schockett replaced him. Upon receiving this court’s relinquishment of jurisdiction, Judge Schock-ett expeditiously entered final summary judgment. Judge Schockett also denied D.J.’s subsequent motion for rehearing based on Judge Klein’s underlying order. Judge Schockett’s order denying rehearing made it clear that “[t]his Court has considered no other evidence, nor has this Court reviewed the record to ascertain the basis upon which Judge Klein entered the Order Granting Defendant’s Motion for Summary Judgment. ..
It appears that the successor judge considered entry of the final judgment to be merely a ministerial act based on this court’s relinquishment of jurisdiction. Davalos v. Davalos, 592 So.2d 1171 (Fla. 3d DCA 1992); Carr v. Byers, 578 So.2d 347, 348 (Fla. 1st DCA 1991); Silvern v. Silvern, 252 So.2d 865 (Fla. 3d DCA 1971). The successor judge had the authority to reconsider the interlocutory order granting the motion for summary judgment and erred in failing to do so.
Reversed and remanded.