NESBITT, J.
In the proceedings below, the jury found that camping supplies manufacturer Coleman breached an oral distributorship agreement with Cargil International, Coleman’s distributor in Venezuela. Because the oral distributorship contract was for a period of more than one year, its enforcement is barred by the statute of frauds. Therefore, we reverse.
The record reveals that the oral agreement at issue here was made in November 1993, and that the agreement anticipated performance for the entire calendar year 1994. Significantly, Cargil never disputed that the contract was made in November 1993. Nor could it: because the contract was to commence on January 1 of the calendar year 1994, and continue through December 31 of the same year; the contact, discussions, negotiations and agreement were necessarily reached sometime earlier. Thus, the entire term of the contract was for over one year. Such an oral contract is unenforceable pursuant to the statute of frauds. See §§ 672.201(1), 725.01, Fla.Stat. (1995). See also Yates v. Ball, 132 Fla. 132, 181 So. 341, 344 (Fla.1937) (“to make a parol contract void, it must be apparent that it was the understanding of the parties that it was not to be performed within one year from the time it was made”); Khawly v. Reboul, 488 So.2d 856 (Fla. 3d DCA 1986).
As enforcement of this oral contract was barred by the statute of frauds, we need not reach Cargil’s alternative theory of “lack of reasonable notice” by Coleman of the cancellation of the contract. See e.g., Centro Nautico v. International Marine Co-op, 719 So.2d 967 (Fla. 4th DCA 1998).
We also reverse the jury’s finding for Cargil on Coleman’s counterclaim for account stated. Coleman’s claim was meritorious. It was clear from the record that Cargil did not dispute the invoices upon which the claim was based. In fact, Car-gil’s responses to Coleman’s request for admissions reflect that the invoices in question were never challenged by Cargil. Further, Cargil not only accepted the goods, but later sold them. On these facts, Coleman was entitled to recovery for account stated. See Robert C. Malt & Co. *4 v. Kelly Tractor Co., 518 So.2d 991 (Fla. 4th DCA 1988).
In conclusion, the trial court should have entered a directed verdict for Coleman on the underlying action and on the counterclaim for account stated.
The judgment appealed from is reversed with directions to enter a judgment consistent with this opinion.
ON REHEARING
On motion for rehearing, the appel-lee has taken us to task for having reached the merits of the appellant’s claim in favor of a finding that there was no preservation of error of the statute of frauds defense. We admit that we did not discuss this contention, although it formed a principal part of the written briefs by which appellant claimed the issue was preserved and the appellee insisted that it was not. In a word, we did not reach the matter because at the conclusion of all the evidence in the case, it was crystal clear that no actionable claim had been made out by Cargil by virtue of the uncontroverted evidence with respect to the making and duration of the oral contract. Fundamental error, which can be reviewed on appeal without preservation in the trial court, is error which goes to the foundation of the case or the merits of the cause of action. Sanford v. Rubin, 237 So.2d 134, 137 (Fla.1970).
Motion denied.