724 So.2d 1267 (1999)
Clifford UMSCHEID, Appellant,
v.
Carolyn M. UMSCHEID, Appellee.
No. 98-1733
District Court of Appeal of Florida, Fifth District.
February 5, 1999.
Maureen M. Matheson of Reinman, Matheson, Kostro & Vaughn, P.A., Melbourne, for Appellant.
Harry C. Greenfield, Merritt Island, for Appellee.
*1268 DAUKSCH, J.
This is an appeal from an order vacating a final judgment in a marital dissolution case. The order was based upon a motion alleging lack of personal jurisdiction over the appellee. While the facts may support such an order, there are two fatal procedural flaws. First, because appellee did not raise the jurisdictional issue before she made a responsive pleading, her motion was too late. See Fla. R. Civ. P. 1.140(b) & (h); Romellotti v. Hanover Amgro Ins. Co., 652 So.2d 414 (Fla. 5th DCA 1995); EGF Tampa Associates v. Edgar V. Bohlen, G.F.G.M. A.G., 532 So.2d 1318 (Fla. 2d DCA 1988); Cumberland Software, Inc. v. Great American Mortg. Corp., 507 So.2d 794 (Fla. 4th DCA 1987); S.B. Partners v. Holmes, 479 So.2d 280 (Fla. 2d DCA 1985), rev. den., 488 So.2d 68 (Fla. 1986); Notarfonzo v. Kline, 464 So.2d 656 (Fla. 4th DCA), rev. den., 472 So.2d 1181 (Fla.1985); Williams v. Richardson, 432 So.2d 58 (Fla. 3d DCA 1983); Consolidated Aluminum Corporation v. Weinroth, 422 So.2d 330 (Fla. 5th DCA 1982), rev. den., 430 So.2d 450 (Fla.1983); Miller v. Marriner, 403 So.2d 472 (Fla. 5th DCA 1981). See also Astra v. Colt Industries Operating Corp., 452 So.2d 1031 (Fla. 4th DCA 1984).
Second, because the judge who signed the order heard no testimony to support the allegation of lack of proper service of process, he could not sign the order based upon mere allegations in the motion. Appellee responds by saying that because the previous judge who considered the motion and heard the evidence wrote a letter saying how he would rule, when a proposed order was submitted to him, that makes the successor judge's action essentially ministerial, effective and unassailable. Not so, unless an order or judgment is entered by the judge who hears the evidence. Any such order or judgment is invalid if based only on a letter from the judge or a pronouncement of how he intends to rule or even a judge-edited proposed, but unsigned, order or judgment. See Hatcher v. St. Joe Paper Co., 603 So.2d 65 (Fla. 1st DCA 1992); L.S. v. State, 593 So.2d 296 (Fla. 5th DCA 1992); Carr v. Byers, 578 So.2d 347 (Fla. 1st DCA 1991); Alvord v. Alvord, 572 So.2d 925 (Fla. 3d DCA 1990); Beattie v. Beattie, 536 So.2d 1078 (Fla. 4th DCA 1988); Silvern v. Silvern, 252 So.2d 865 (Fla. 3d DCA 1971). See also Anders v. Anders, 376 So.2d 439 (Fla. 1st DCA 1979); Bradford v. Foundation & Marine Const. Co., Inc., 182 So.2d 447 (Fla. 2d DCA), cert. den., 188 So.2d 821 (Fla.1966).
ORDER QUASHED.
GRIFFIN, C.J., and THOMPSON, J., concur.