795 So.2d 1131 (2001)
E.J. and E.J., Parents of M.C.J., A Child, Appellants,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 5D01-884.
District Court of Appeal of Florida, Fifth District.
October 5, 2001.
Shea T. Moxon, Tampa, for Appellants.
George P. Beckwith, Jr. of Department of Children and Families, Daytona Beach, for Appellee.
PETERSON, J.
Appellants, E.J. and E.J., appeal the termination of their parental rights as to their minor son, M.C.J., and the denial of their motion for mistrial or new trial. After hearing the evidence, but prior to rendering a decision, the judge presiding over the termination proceeding recused herself. The successor judge ordered the testimony transcribed and indicated in the termination order that he had reviewed the transcripts.
While a successor judge may complete acts left uncompleted by a predecessor, he or she may not weigh and compare testimony heard before the other judge. See Tompkins Land and Housing, Inc. v. White, 431 So.2d 259, 260 (Fla. 2d DCA 1983). Also, in the absence of a statute to the contrary, a successor judge cannot generally make findings or render a final decree even though the testimony is transcribed at trial and preserved. See Bradford v. Found. & Marine Constr. Co., 182 So.2d 447, 449-50 (Fla. 2d DCA 1966) (citations omitted). Consequently, a successor judge that does not hear all the evidence may only enter a verdict or judgment upon a retrial or if the parties stipulate to a decision on the basis of the record of the prior proceedings. See Tompkins Land, 431 So.2d at 260 (citing Bradford, 182 So.2d at 449-50).[1]
*1132 In the instant case, the parties did not stipulate that the successor judge could render a judgment based upon a reading of the court file and the transcript of the hearing before his predecessor. Accordingly, the trial court should have granted the appellants' motion for mistrial or new trial.
REVERSE and REMAND.
COBB and HARRIS, JJ., concur.
NOTES
[1] See also Umscheid v. Umscheid, 724 So.2d 1267, 1268 (Fla. 5th DCA 1999); Hatcher v. St. Joe Paper Co., 603 So.2d 65 (Fla. 1st DCA 1992); L.S. v. State, 593 So.2d 296 (Fla. 5th DCA 1992); Carr v. Byers, 578 So.2d 347 (Fla. 1st DCA 1991); Alvord v. Alvord, 572 So.2d 925 (Fla. 3d DCA 1990); Beattie v. Beattie, 536 So.2d 1078 (Fla. 4th DCA 1988); Anders v. Anders, 376 So.2d 439 (Fla. 1st DCA 1979); Silvern v. Silvern, 252 So.2d 865 (Fla. 3d DCA 1971).