814 So.2d 1217 (2002)
Scott HARTNEY and Karen Hartney, Appellants,
v.
PIEDMONT TECHNOLOGY, INC. a Georgia corporation, and Keller-Giles Appraisal Group, Chtd, a Florida professional association, Appellees.
No. 1D01-996.
District Court of Appeal of Florida, First District.
April 26, 2002.
*1218 Matthew W. Burns, Destin, for Appellants.
Jack G. Williams, Panama City, for Appellees.
KAHN, J.
This appeal turns on its undisputed procedural facts. The final judgment here was signed by a successor trial judge, although the predecessor judge had prepared a letter ruling and submitted it to counsel. The judgment makes specific findings concerning the reliability of a property appraisal. We reverse and remand for a new trial.
Senior Circuit Judge William Anderson heard this matter in a non-jury trial. Several weeks later, Judge Anderson wrote a letter to counsel advising that he proposed to make several findings that would result in a judgment for appellees, defendants below. Judge Anderson asked the defendants' lawyer to prepare an appropriate judgment. Several weeks later such a judgment was actually executed by Circuit Judge Thomas Remington who had not participated in any aspect of the earlier proceedings and had not heard any of the evidence. Appellants immediately moved for rehearing expressly objecting because the final judgment had not been signed by the judge who presided over the trial. During the pendency of this motion, Judge Anderson passed away. Shortly thereafter, Judge Remington heard and denied the motion for rehearing.
"[A] successor judge may not enter an order or judgment based upon evidence heard by the predecessor judge." Carr v. Byers, 578 So.2d 347, 348 (Fla. 1st DCA 1991). Even where the proposed judgment has been reduced to writing by the predecessor judge, the successor judge may not sign and file the proposed final judgment without hearing the evidence. See id. We acknowledge that Judge Anderson prepared a letter ruling in this case. It is nevertheless undisputed that Judge Anderson never signed an order or a judgment. We adhere to the rule that "until rendered, the decision of a trial judge is not a judgment...." Id.
*1219 In a much earlier case, the Third District held that a successor judge could properly sign a decree that had been dictated by the predecessor on the day before the predecessor's term of office expired. See Olympic Mfg. Co. v. Shepherd, 190 So.2d 588 (Fla. 3d DCA 1966). This exception to the general rule, if it survives at all, is very narrow. As the Third District stated soon after the Olympic decision, "[W]e express the reservation that the [Olympic] decision reaches the extreme length to which the exceptions to the general rule can be pressed." Silvern v. Silvern, 252 So.2d 865, 866 (Fla. 3d DCA 1971).
Here, the final judgment was based upon disputed evidence. Although the judge who heard the case prepared a letter ruling, he never even saw the ultimate final judgment and certainly never rendered such a judgment. Accordingly, this matter must be REVERSED and REMANDED for a new trial.
PADOVANO and POLSTON, JJ., concur.