PER CURIAM.
Victor and Heather Puñales sought the dissolution of their marriage in the Fifteenth Judicial Circuit. Judge Ronald Alvarez presided over the trial. A Final Judgment of Dissolution of Marriage was entered, but due to Judge Alvarez’s unavailability, the judgment was signed by Senior Judge Howard H. Harrison. Judge Harrison did not hear evidence in the case and apparently did not review evidence or transcripts before entering the judgment.
Generally, “a successor judge may not enter an order or judgment based upon evidence heard by the predecessor.” Beattie v. Beattie, 536 So.2d 1078, 1079 (Fla. 4th DCA 1988) (citations omitted). A stipulation between the parties allowing the successor judge to act may overcome this presumption. Smith v. Silberman, 586 So.2d 467, 468 (Fla. 3d DCA 1991) (citations omitted). Furthermore, even if a proposed judgment were prepared by the predecessor judge, the successor judge could not sign and enter the judgment without hearing the evidence. Hartney v. Piedmont Tech., Inc., 814 So.2d 1217, 1218 (Fla. 1st DCA 2002) (citation omitted).
There is no evidence that the parties signed a stipulation in this case allowing Judge Harrison to enter the Final Judgment of Dissolution of Marriage. Additionally, even if Judge Alvarez drafted the judgment, Judge Harrison could not sign it without first hearing all of the evidence. Therefore, the general rule applies, and Judge Harrison erred in entering a final judgment in this case.
In conclusion, due to the deficiency in the judgment, this case must be reversed and remanded.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
POLEN, C.J., GUNTHER and SHAHOOD, JJ., concur.