940 So.2d 1239 (2006)
Tamiko KIRT, Appellant,
v.
Theodore SHARPER, Appellee.
No. 5D05-4376.
District Court of Appeal of Florida, Fifth District.
November 3, 2006.
Shannon L. Akins of the Law Offices of Shannon L. Akins, P.A., Orlando, for Appellant.
*1240 No Appearance for Appellee.
PALMER, J.
Tamiko Kirt (mother) appeals the trial court's post-dissolution change of custody order making permanent a previously entered temporary change of custody order. Concluding that the trial court erred by not conducting an evidentiary hearing before entering a permanent change of custody order, we reverse.
In December 2000, the parties' marriage was dissolved, with the mother being awarded primary physical custody of the parties' minor child by agreement of the parties. On February 16, 2004, a case management hearing/status conference was held. During the hearing, the trial court heard testimony and then entered an order temporarily transferring custody of the minor child from the mother to appellee, Theodore Sharper (father) based on the finding that there had been a substantial change of circumstances.[1]
The father subsequently filed a motion "to make permanent" the trial court's temporary change of custody order. On November 2, 2005, a successor judge conducted a hearing on the father's motion. No testimony was taken during the hearing. The father advised the successor judge that the mother had not filed an appeal from the February 2004 order, and he requested that the court enter an order permanently placing custody of the child with him. The mother responded by arguing that the issue of custody was still pending since the earlier order was only temporary. At the conclusion of the hearing, the successor judge entered an order granting the father's motion, ruling that it was in the best interest of the minor child for the father to be the child's primary residential parent. This appeal timely followed.
We conclude that it was improper for the successor judge to rely upon testimony presented to the original trial judge at the temporary hearing in order to support his decision to order a permanent change in custody. Support for this conclusion can be found in Florida case law.
For example, in Umscheid v. Umscheid, 724 So.2d 1267 (Fla. 5th DCA 1999), this court quashed an order vacating a judgment for lack of personal jurisdiction because the judge who signed the order had not heard testimony in support of the motion. A previous judge had heard the evidence, considered the motion, and wrote a letter saying how he would rule when a proposed order was submitted to him. Even so, we held that it was improper for the successor judge to enter an order consistent with the letter since he had not heard the evidence.
In E.J. v. Department of Children and Families, 795 So.2d 1131 (Fla. 5th DCA 2001), this court held that, while a successor judge may complete acts left uncompleted by a predecessor judge, he or she may not weigh and compare testimony heard before the predecessor judge. Similarly, in Fry v. Fry, 887 So.2d 438 (Fla. 2d DCA 2004), the court reversed the entry of a judgment by a successor judge who was not at the evidentiary hearing. See also Bradford v. Foundation & Marine Const. Co., 182 So.2d 447 (Fla. 2d DCA 1966)(adopting a rule that a successor judge cannot render a judgment without conducting a trial de novo, unless by stipulation of the parties).
In closing we note that, even if no change of judge had occurred in this case, it would have been improper for the successor *1241 judge to convert a temporary custody order to a permanent custody order without giving the parties an opportunity to present evidence. A temporary custody order is not binding upon the court in ruling on a motion for a permanent custody change.
Accordingly, we reverse the trial court's change of custody order, and remand this matter to the trial court for a final evidentiary hearing on the father's request for a permanent change of custody.
REVERSED and REMANDED.
ORFINGER and TORPY, JJ., concur.
NOTES
[1] No transcript or statement of the proceedings regarding that hearing is contained in the instant record, and no appeal was taken from that order.