# Third District Court of Appeal

## State of Florida

Opinion filed December 30, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-1197
Lower Tribunal No. 10-493-K
_____


**Chase Home Finance, LLC,**
Appellant,

vs.

**Maria Galletti Autrey, et al.,**
Appellees.


An Appeal from the Circuit Court for Monroe County, Donald C. Evans, Senior Judge.

Akerman LLP and Nancy M. Wallace (Tallahassee) and William P. Heller (Fort Lauderdale) and Eric M. Levine (West Palm Beach), for appellant.

David E. Borack (Longwood), for appellee Michael Hill.


Before WELLS, SALTER and EMAS, JJ.

SALTER, J.

Chase Home Finance, LLC ("Chase"), appeals an order dismissing its mortgage foreclosure complaint without prejudice and an order denying rehearing following the dismissal. Finding that Chase was prejudiced by differing rulings at and after a non-jury trial of the case (because of the reassignment of the case to a different judge), and that the dismissal was erroneous, we reverse and remand the case for further proceedings.

The five-year procedural history of the case in the trial court is convoluted, but can be distilled to the following pertinent points. Ms. Autrey and others obtained a residential mortgage loan in 2006 for $368,000.00 from JPMorgan Chase Bank. The loan was secured by non-homestead property owned by Ms. Autrey in Monroe County. Following an alleged default in August 2009 and the transfer of the loan and security to Chase, Chase commenced an "in rem" foreclosure in April 2010.[1] Two months later, Chase filed and served a motion for summary judgment. Chase's affidavit for amounts due and owing as of June 11, 2010, totaled $381,281.02.

Following an amendment to the complaint and other pretrial proceedings, the case was set for non-jury trial in January 2015. Chase presented two witnesses, and the note, mortgage, notice of default, and assignment of mortgage were

---

[1] Chase later merged with JPMorgan Chase Bank, but the foreclosure case below and this appeal have been continuously prosecuted with Chase as the plaintiff. The servicer for the loan commencing as of January 2014 was Pennymac Corp.

introduced into evidence.  The loan servicer (one of the witnesses presented by Chase, from Pennymac) authenticated a loan history for the mortgage loan going back to February 2012 (although the alleged default had commenced in 2009). Chase rested its case, as did defendants.  The trial judge held that the evidence was sufficient to allow entry of a foreclosure judgment in favor of Chase, but expressed reservation regarding the incomplete payment history.[2]  The trial judge declined to enter judgment until (a) Chase provided a full payment history to defendants and (b) defendants could obtain cross-examination on the earlier, missing parts of the payment history (if requested).

A week later, a defendant moved for involuntary dismissal, arguing that Chase's failure to introduce a complete payment history at trial warranted dismissal.  The defendant also alleged that Chase had not provided the additional payment history as ordered.  In early February 2015, a second judge (newly assigned to the case) granted the involuntary dismissal without a hearing.  Chase timely moved for rehearing (noting that it had provided the additional payment history to the defendants promptly after receiving it), but the motion was denied in May 2015.  This appeal followed.

---

[2] Defendants had not objected to the incomplete history, or moved for involuntary dismissal, when Chase and the defendants rested their respective cases.  The defendants presented no evidence.

On this record, involuntary dismissal of the case without a hearing was unwarranted. Dismissal was apparently entered as a sanction based on the second judge's view that Chase had failed to comply with the first judge's ruling.[3] If the second judge concluded that there remained a disputed issue of fact regarding the amount of the indebtedness, resolution of that issue would require a trial de novo before the second judge. Davalos v. Davalos, 592 So. 2d 1171 (Fla. 3d DCA 1992). The first judge essentially reopened Chase's case to permit Chase to present the additional payment history for review by the defendants. The first judge did not set a deadline for delivery of that information to the defendants, nor did he specify that Chase's complaint would be dismissed without a hearing if Chase failed to provide the information.

Under these unusual circumstances, this was reversible error by the successor judge, denying Chase due process. Universal Ins. Co. of N. Am. v. Warfel, 82 So. 3d 47 (Fla. 2012); Coleman Co. v. Cargill Int'l Corp., 731 So. 2d 2 (Fla. 3d DCA 1998).

---

[3] No basis for such a sanction is disclosed by this record, and no hearing was conducted to determine whether any sanction—much less the sanction of dismissal, was warranted, at a time when a re-filing may be barred by the statute of limitations (an issue presently before the Supreme Court of Florida in U.S. Bank National Ass'n v. Bartram, 140 So. 3d 1007 (Fla. 5th DCA 2014), review granted, 160 So. 3d 892 (Fla. 2014), and before this Court on rehearing en banc in Deutsche Bank Trust Co. Americas v. Beauvais, 40 Fla. L. Weekly D1 (Fla. 3d DCA Dec. 17, 2014)).

Reversed and remanded for further proceedings (limited to the prior loan history and determination of the correct loan balance, should the first judge be reassigned to the case, or for the entire case to be heard as a trial de novo if that judge is not reassigned to the case).