# Third District Court of Appeal

## State of Florida

Opinion filed October 29, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0151
Lower Tribunal No. 23-16387-FC-04
_____

**Payal Khare,**
Appellant,

vs.

**Pankaj Khare,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Spencer Multack, Judge.

Payal Khare, in proper person.

Abramowitz and Associates, and Jordan B. Abramowitz and Lily C. Glickstein, for appellee.

Before SCALES, C.J., and LINDSEY, and LOBREE, JJ.

LINDSEY, J.

Appellant, Payal Khare, appeals the trial court's final order granting Appellee's, Pankaj Khare, motion to dismiss Appellant's dissolution of marriage action for lack of subject matter jurisdiction, lack of personal jurisdiction, and forum non conveniens. Appellant argues the trial court's order misapplies legal standards, mischaracterizes evidence, fails to properly weigh evidence, and improperly relies on Appellee's claims. But, Appellant failed to provide us a transcript of the evidentiary hearing that the trial court's order relies on. See Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979) ("Without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory. Without knowing the factual context, neither can an appellate court reasonably conclude that the trial judge so misconceived the law as to require reversal."). So we are constrained to affirm.

Appellant also argues that the trial court improperly dismissed her petition because the trial court neglected exercising its in rem jurisdiction. Not only are we unable to glean from the deficient record why the trial court did not use its in rem jurisdiction, but Appellant also failed to raise the issue below, thus waiving it. See Sunset Harbour Condo. Ass'n v. Robbins, 914 So. 2d 925, 928 (Fla. 2005) ("As a general rule, it is not appropriate for a party to

2

raise an issue for the first time on appeal. . . . 'In order to be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation if it is to be considered preserved.'") (citations omitted) (quoting Tillman v. State, 471 So. 2d 32, 35 (Fla. 1985)).  Absent fundamental error, which is not present here, we are compelled to affirm.[1]

    Affirmed.

---

[1] "Fundamental error, which can be reviewed on appeal without preservation in the trial court, is error which goes to the foundation of the case or the merits of the cause of action." Coleman Co. v. Cargil Int'l Corp., 731 So. 2d 2, 4 (Fla. 3d DCA 1998) (citing Sanford v. Rubin, 237 So. 2d 134, 137 (Fla.1970)).