PER CURIAM.
This action was brought by Richard Mar-tino seeking damages for the breach of a written contract between the parties. The case was tried before the court without a jury and, on July 15,1975, the court entered a final judgment for the defendants. On July 22, 1975, the plaintiff served a motion for rehearing and the court granted the rehearing. The parties stipulated that no further evidence would be tendered and re-argued the case before the court. Thereafter, the trial judge entered a final judgment in favor of the plaintiff for damages in the amount of $14,000.
Defendant’s first point urges the application of RCP 1.530(f) because of the alleged error of the trial court in not setting forth its reasons for granting a petition for rehearing. The rule is not applicable. In this instance, the trial judge heard only the re-argument of the legal points involved. The trial judge has jurisdiction to alter or amend a final judgment upon the granting of a timely motion for rehearing or reconsideration. See State ex rel. Owens v. Pearson, Fla.1963, 156 So.2d 4.
Appellant’s remaining points are directed to the sufficiency of the evidence to support the finding of liability and damages. The record reveals that there is conflicting evidence on almost every point involved. An appellate court will not substitute its judgment for that of the trial court when there is sufficient evidence to support the judgment entered. See Lubrano v. Macauley, Fla.App.1961, 125 So.2d 911.
Affirmed.