385 So.2d 733 (1980)
Dorothy M. KIRKHAM, Appellant,
v.
Fred R. KIRKHAM, Appellee.
No. 79-1640.
District Court of Appeal of Florida, Second District.
July 9, 1980.
*734 Jerry R. Hussey, Bradenton, for appellant.
Harry G. Goodheart, III, of Goodheart & Logan, Bradenton, for appellee.
SCHEB, Chief Judge.
The husband sued to annul his marriage to the wife who counterpetitioned for dissolution. The case was assigned to Judge Grissim H. Walker who presided at the final hearing and entered final judgment on June 13, 1979, granting the annulment and directing disposition of some joint assets. The wife timely moved for rehearing alleging the final judgment contained clerical errors and failed to dispose of some issues raised by the parties. She requested Judge Walker's office to set a hearing on her motion.
On July 1, under a plan established by the judges of the Twelfth Judicial Circuit, Judge Walker rotated to a different division. The circuit court then assigned the wife's motion for rehearing to Judge Schaub, Judge Walker's successor, who corrected the clerical errors but otherwise denied the motion. The wife argues that it was error for a successor judge to rule on her motion for rehearing. We agree.
Unless the original trial judge is unable by reason of death, disability or other equivalent event, or is unwilling by reason of recusation to consider a motion for rehearing, that judge should review and determine the motion. Epperson v. Epperson, 101 So.2d 367 (Fla. 1958). Here, even though the circuit court assigned Judge Walker to another division, his jurisdiction to hear a motion for rehearing continued. See Mason v. Martino, 336 So.2d 396 (Fla.3d DCA 1976). Under these circumstances Judge Walker should have heard the motion. Balfe v. Gulf Oil Co., 279 So.2d 94 (Fla.3d DCA 1973).
Accordingly, we vacate the order denying rehearing and remand to the trial court for further proceedings consistent with this opinion.
GRIMES and CAMPBELL, JJ., concur.