PER CURIAM.
This is an appeal from an order granting a new trial which was signed by one circuit judge after a hearing on the motion therefor had been conducted by another circuit judge. The latter judge had presided over the jury trial involving the parties; and following the hearing on the post-trial mo *815 tion, apparently informed both counsel that he intended to order a new trial. Prior to entering such order he was transferred to a different division of the court but remains available as an active circuit judge.[1]
Under the circumstances it is necessary to reverse and remand with direction that the judge who presided over the trial and conducted the hearing enter such order as he considers proper on the motion for new trial. See Kirkham v. Kirkham, 385 So.2d 733 (Fla. 2d DCA 1980). If necessary, a de novo hearing may be conducted.
BERANEK, GLICKSTEIN and HURLEY, JJ., concur.

. Accordingly, we are not faced with the situation presented in Anders v. Anders, 376 So.2d 439 (Fla. 1st DCA 1979) in which the trial judge who considered the motion for rehearing announced that he was going to grant the motion but left office without having reduced his decision to writing. Our sister court ordered the successor judge to conduct a de novo hearing.