431 So.2d 259 (1983)
TOMPKINS LAND AND HOUSING, INC., Appellant,
v.
Terryceia Vann WHITE, Appellee.
No. 82-1873.
District Court of Appeal of Florida, Second District.
May 11, 1983.
R.L. Russell of Van Den Berg, Gay & Burke, P.A., Orlando, for appellant.
Howard L. Killian, Tampa, for appellee.
*260 CAMPBELL, Judge.
White sued Tompkins Land and Housing for breach of contract. The case was initially set for nonjury trial before Judge Phillip Knowles. The trial was not concluded on the first date set for final hearing and was continued to a second date. Judge Knowles presided over those two hearings at which the parties presented witnesses and evidence. A third hearing was necessary, and that hearing was held before Judge John Hodges who also heard witnesses and received evidence. Tompkins Land and Housing objected to the fact that both judges had heard testimony and filed a motion for mistrial or alternative relief. Judge Hodges denied the motion and entered a final judgment in favor of White. We agree with Tompkins that Judge Hodges erred in failing to grant the motion for mistrial or alternative relief.
A successor judge may complete acts left uncompleted by a predecessor but may not weigh and compare testimony heard before the other judge. A successor judge that does not hear all the evidence may only enter a verdict or judgment upon a retrial or if the parties so stipulate on the basis of the record of the prior proceedings. Bradford v. Foundation & Marine Construction Co., 182 So.2d 447 (Fla. 2d DCA 1966). There was no stipulation here. In order for Judge Hodges to enter the final judgment, he was required to review testimony which he did not have an opportunity to see and hear. Under the circumstances, he should have granted the motion for mistrial or alternative relief. See also Kirkham v. Kirkham, 385 So.2d 733 (Fla. 2d DCA 1980).
Accordingly, we reverse the final judgment and remand to the trial court for further proceedings consistent with this opinion.
DANAHY, A.C.J., and SCHOONOVER, J., concur.