546 So.2d 744 (1989)
Phyllis I. REAVES, Appellant,
v.
Robert S. REAVES, JR., Appellee.
No. 88-02734.
District Court of Appeal of Florida, Second District.
July 7, 1989.
Phyllis I. Reaves, pro se.
No appearance for appellee.
SCHEB, Acting Chief Judge.
On November 6, 1987, this court ordered the trial court to conduct a hearing on the appellant/wife's post-judgment petition seeking continuation of rehabilitative alimony payments. Reaves v. Reaves, 514 So.2d 1147 (Fla.2d DCA 1987). On April 14, 1988, Judge Howard P. Rives conducted an evidentiary hearing pursuant to our mandate. After the hearing was concluded, Judge Rives recused himself since it had come to his attention that several years before his former law firm had represented the wife. On June 13, Judge Rives ordered the clerk of the circuit court to reassign this case to another judge on the regular rotation basis. As a result, the case was assigned to Judge John S. Andrews. On June 16, 1988, Judge Andrews notified the parties in writing as follows:
You are further advised that it is my intention to have the entire proceedings before Judge Rives transcribed and, upon its completion, to consider all matters *745 presented to Judge Rives by the parties at the hearing held on April 14, 1988. Based upon the entire record from that hearing, I intend to make my ruling. If either party objects to this procedure, you should file your objection and state your reasons for it no later than July 1, 1988.
In response to the court's directive, the wife promptly filed a motion requesting the court to set aside Judge Rives' voluntary recusal, contending that "impartial justice may only come from a judge who has heard all the oral arguments in the public courtroom." At the husband's request, Judge Andrews struck the wife's motion, and proceeded to decide the merits of the cause based on the record, which included the transcript of testimony taken before Judge Rives. On September 20, 1988, Judge Andrews entered an order denying the wife's petition.
On appeal, the wife complains that it was improper for a successor judge to make an adjudication on the merits of her petition without having heard the testimony presented at the evidentiary hearing. We agree. A successor judge who does not hear all the evidence may only enter a verdict or judgment upon a retrial or if the parties so stipulate on the basis of the record of the prior proceedings. Tompkins Land and Housing, Inc. v. White, 431 So.2d 259, 260 (Fla.2d DCA 1983). Accord, Anders v. Anders, 376 So.2d 439 (Fla.1st DCA 1979). In view of our disposition, we do not reach the wife's contention that the trial court erred in denying her petition on the merits.
Accordingly, we vacate the trial court's judgment denying the wife's petition. We remand for an evidentiary hearing as previously directed in our opinion of November 6, 1987. On remand, the cause shall be heard de novo by a circuit court judge other than Judge Rives or Judge Andrews.
RYDER and ALTENBERND, JJ., concur.