572 So.2d 925 (1990)
John F. ALVORD, Appellant,
v.
Christal ALVORD, Appellee.
No. 90-604.
District Court of Appeal of Florida, Third District.
October 9, 1990.
Rehearing Denied February 5, 1991.
Harold M. Braxton, Miami, for appellant.
Robert L. Koeppel, Miami, for appellee.
Before NESBITT, BASKIN and GODERICH, JJ.
PER CURIAM.
The husband, John F. Alvord, appeals a final judgment awarding the wife, Christal Alvord, attorney's fees, suit money and costs and a final order denying his motion for rehearing.
The marriage of the parties was dissolved on May 5, 1989. The final judgment of dissolution of marriage incorporated a marital settlement agreement which provided, inter alia, that the husband pay child support. Article XXVI of the marital settlement agreement provides that if either party defaults in his or her obligations, the defaulting party shall be liable to the non-defaulting party for all reasonable expenses incurred in the enforcement of the obligations, including attorney's fees. The final judgment was entered by the predecessor judge. The wife filed a motion for contempt for failure to pay child support and asked the court to require the husband to pay fees, costs and interest incurred as a result of the contempt proceedings. The predecessor judge took testimony on the attorney's fees issue. Subsequent to that hearing, the husband filed a post judgment memorandum of law and facts setting forth his opposition to the award of attorney's fees.
Prior to entering a final judgment on the issue, the predecessor judge became incapacitated and the successor judge was assigned to his division. On February 16, 1990, the successor judge conducted a case management status hearing with wife's counsel personally in attendance and husband's counsel in attendance by telephone. There was no court reporter present at the hearing. During the hearing, the successor judge advised the attorneys that he had read the transcript of the hearing and the court file and that he would enter a final judgment. The husband's attorney objected to the entry of any judgment on the grounds that it was improper for a successor judge to enter a final judgment based upon a reading of a transcript unless both parties agreed. The successor judge signed the final judgment on February 16, 1990. The husband immediately filed a *926 motion for rehearing and to set aside the final judgment. The court denied this motion on March 7, 1990, without a hearing, and the husband appealed.
The attorneys could not reach a stipulation regarding the facts of this case. The husband's attorney did not submit a statement of the facts along with the wife's attorney's objections to the successor judge for settlement and approval.
We are faced here with the issue of whether it was error for the successor judge to enter a final judgment based on his reading of the court file and the transcript of a hearing held before his predecessor. The husband complains that it was improper for the successor judge to make an adjudication on the merits of the wife's petition without having heard testimony presented at the evidentiary hearing. We agree.
A successor judge may complete any acts left uncompleted by his predecessor, if the successor is not required to weigh and compare testimony heard before the other judge. Tompkins Land & Housing, Inc. v. White, 431 So.2d 259 (Fla. 2d DCA 1983); Bradford v. Foundation & Marine Constr. Co., 182 So.2d 447, 449 (Fla. 2d DCA), cert. denied, 188 So.2d 821 (Fla. 1966). "A successor judge who does not hear all the evidence may only enter a verdict or judgment upon a retrial or if the parties so stipulate on the basis of the record of the prior proceedings." Reaves v. Reaves, 546 So.2d 744, 745 (Fla. 2d DCA 1989); Tompkins Land, 431 So.2d at 260. Accord, Bradford, 182 So.2d at 449.
In the instant case, the predecessor judge conducted an evidentiary hearing during which both parties presented testimony and expert witnesses. The successor judge heard none of the testimony on the issue of fees and costs. Furthermore, there was no stipulation by the husband that the successor judge could render a judgment based upon a reading of the court file and the transcript of the hearing before his predecessor. See Fla.R.Jud.Admin. 2.060(g). A ruling by the successor based solely on a reading of the court file and the transcripts of the hearing required him to weigh and compare the testimony and the evidence presented during that hearing. Therefore, we find that it was improper for the successor judge to enter the final judgment without either hearing the testimony himself or without having a stipulation signed by the husband on the record.
Accordingly, we vacate the trial court's judgment granting the wife's petition. On remand, the trial court should hold a new hearing on the issue of attorney's fees.
Reversed and remanded for a new hearing.