RYDER, Acting Chief Judge.
Josie H. Smith challenges the trial court’s final judgment of dissolution of marriage regarding the determination of the amount that James L. Smith is able to pay her alimony. We reverse that portion of the final judgment concerning the amount of alimony, and affirm the remainder of the judgment.
James is the sole employee, officer, director and shareholder of James L. Smith, D.O., P.A. He is an anesthesiologist. James’ expert in accounting testified that the average gross income of the P.A. for the past four years was $360,000.00 per year. Josie testified that during the parties’ marriage they enjoyed a nice life-style spending $20,000.00 a month on living expenses.
The financial affidavit form, as prescribed by our supreme court, contains a space for entry of “[bjusiness income from sources such as self-employment ... [and/or] close corporations ... (gross receipts minus ordinary and necessary expenses required to produce income).” In re Amendments to Rules of Civil Procedure, 536 So.2d 974, 987 (Fla.1988). The financial affidavits filed by James during the course of the dissolution proceedings represented “business income” to be approximately $13,000.00 to $14,000.00 per month, representing the amount of James’ salary which he received from the business. It is clear from'the financial affidavit form, as amended, that the supreme court intended both salary and business income (if applicable) to be disclosed and taken into con *229 sideration by the trial court in determining a spouse’s need or ability to pay, as the case may be.
Because James’ financial affidavit did not disclose information concerning his “business income” as defined on the form (gross receipts minus expenses), we find error as the trial court did not consider funds from this source in determining the amount of alimony to award Josie. Therefore, the case is reversed and remanded for a redetermination by the trial court of James’ ability to pay alimony. Upon remand, accounts receivable versus monies actually collected by the business should be taken into consideration in arriving at the “business income” figure disclosed in the financial affidavit.
With regard to the issue raised concerning the trial court’s consideration of taxes on alimony, we invite the trial court to proceed under the teachings of Lutgert v. Lutgert, 362 So.2d 58 (Fla. 2d DCA 1978), cert. denied, 367 So.2d 1125 (Fla.1979).
Reversed and remanded with directions.
FRANK and PARKER, JJ., concur.