PER CURIAM.
The decedent’s estate appeals an order finding the deceased made an inter vivos gift to his wife. We reverse.
In Smith v. Silberman, 557 So.2d 78 (Fla. 3d DCA 1990), this court reversed the original judgment in this ease with directions that the trial court admit the widow’s previously excluded testimony regarding a dinner conversation during which her husband allegedly presented her with a gift of two $100,000 bonds. Upon remand, the original trial judge recused himself. The successor judge considered the record but heard only the widow’s oral testimony. Thus, evidence which refuted the widow’s statement was restricted to that contained in the record of the prior proceedings before the original judge. The successor judge held the bonds to have been a gift.
On appeal, the estate claims it was error for the successor judge to limit the estate’s evidence to that already contained in the record made before the original judge while permitting the widow to testify. The widow counters that the successor trial judge complied with this court’s mandate which required him to hear only her previously excluded testimony.
The general rule is that a successor judge may not weigh and compare evidence heard before a prior judge. Absent a stipulation between the parties, a successor judge who does not hear all the evidence may not enter a judgment. E.g., Reaves v. Reaves, 546 So.2d 744 (Fla. 2d DCA 1989); Tompkins Land and Housing, Inc. v. White, 431 So.2d 259, 260 (Fla. 2d DCA 1983). In this case, the parties made no stipulations as to the evidence. Thus, the successor judge was required to hear all evidence on the gift issue for himself.
The prior directions and mandate of this court were directed to the original trial judge since he had heard and credited all of the testimony except that of the surviving wife. When the successor judge became responsible for the completion of the case, it required that he not only hear and evaluate the surviving wife’s testimony, but the estate’s evidence as well which, when properly evaluated, might change the result. The successor judge necessarily had to hear and evaluate all of this testimony directed to the issue of the gift in order to perform the quintessence of the function of a trier of fact in assessing not only the credibility of the testimony but the weight which it was accorded. The successor judge’s failure to hear the estate’s proffered evidence was therefore reversible error.
Accordingly, we reverse and remand for further proceedings consistent with this opinion.