BLUE, Judge.
James L. Smith (husband) appeals the final judgment after remand for redetermi-nation of his ability to pay alimony. He raises three issues, only one of which has merit. The husband correctly argues the trial court erred in relying upon the prior record to determine his ability to pay alimony and in failing to hold an evidentiary hearing.
The parties’ divorce action was tried before Judge Knowles who entered a final judgment in October 1989. Josie H. Smith (wife) appealed, arguing the judge had not properly evaluated the husband’s ability to pay alimony. On January 25, 1991, this court ordered the trial court to consider the husband’s business income, as well as his salary, in determining the wife’s alimony award. Smith v. Smith, 575 So.2d 228 (Fla. 2d DCA1991). On remand the case was assigned to Judge Tharpe. Over objection, Judge Tharpe elected to decide the matter based only upon his review of the previous written record.
The trial court erred in refusing to hold an evidentiary hearing. The parties had not stipulated to allow the successor judge to decide the case based on evidence in the original action. If this case had not been reassigned, Judge Knowles could have reviewed the record and based his determination on the prior evidence, since he had observed the witnesses and could evaluate their credibility. A successor judge who did not hear all the evidence may only enter a judgment upon retrial or on the basis of the prior record when the parties so stipulate. Reaves v. Reaves, 546 So.2d 744 (Fla. 2d DCA1989). We reverse and remand to the trial court for an eviden-tiary hearing in which either side can present additional evidence of the husband’s business income pursuant to the prior mandate of this court.
Reversed and remanded.
THREADGILL, A.C.J., and PARKER, J., concur.