PER CURIAM.
This is a consolidated appeal by S.C. and R.C. from the trial court’s order adjudicating their child, N.C., dependent and placing her in the custody of the Department of Children and Family Services (the Department). We find merit in only one of three issues raised in this appeal. The Department concedes that it was error for a successor judge to sign the order of dependency adjudication and disposition. This error requires reversal and remand for further proceedings.
The record reveals that one judge presided over the dependency proceedings, but another judge signed the final order of adjudication and disposition. The Department concedes it was error for the successor judge to sign the order, because he did not hear the testimony and argument presented at the hearings. Under these circumstances, we are compelled to reverse. See Umscheid v. Umscheid, 724 So.2d 1267 (Fla. 5th DCA 1999); Carr v. Byers, 578 So.2d 347 (Fla. 1st DCA 1991); Beattie v. Beattie, 586 So.2d 1078 (Fla. 4th DCA 1988); Broward County v. Mitten, 421 So.2d 814 (Fla. 4th DCA 1982); Silvern v. Silvern, 252 So.2d 865 (Fla. 3d DCA 1971).
The record does not reveal why a successor judge signed the dependency order being challenged in this appeal, although *190 we suspect it was because the predecessor judge rotated to another division in the circuit court. If so, it is unfortunate that the parties have expended the time and money to appeal this case without first seeking to obtain an order signed by the trial judge, who retains jurisdiction to enter such orders notwithstanding rotation to another circuit court division. Upon remand, if the same findings are set forth in a properly rendered order, we observe that the record before us supports those findings.
Reversed and remanded with directions that, if possible, the trial judge who presided over the dependency hearings should enter such order as she considers appropriate. If the trial judge is not available to render an order, this cause is remanded for de novo hearings unless the parties stipulate that the successor judge may render a new order after review of the record of the prior proceedings. See Tompkins Land & Hous., Inc. v. White, 431 So.2d 259 (Fla. 2d DCA 1983).
Reversed and remanded with directions.
FULMER, WHATLEY, and COVINGTON, JJ., Concur.