841 So.2d 636 (2003)
Philip PIGNATARO, Appellant,
v.
Ara RUTLEDGE, Appellee.
No. 2D01-5521.
District Court of Appeal of Florida, Second District.
April 4, 2003.
*637 Philip Pignataro, pro se.
No appearance for Appellee Ara Rutledge.
STRINGER, Judge.
Philip Pignataro, the former husband, challenges various aspects of the final judgment dissolving his marriage to Ara Rutledge, the former wife. We affirm in part, reverse in part, and remand for further proceedings.
Pignataro and Rutledge were married in 1995, and they have two children, one born in 1995 and the other born in 1998. In July 1999, Rutledge filed her petition for dissolution of marriage, seeking primary residential custody of the children, child support, equitable distribution of the parties' assets and liabilities, lump sum alimony, and attorneys' fees. Pignataro filed a counterpetition, seeking sole parental responsibility for the children, child support, equitable distribution of the parties' assets and liabilities, permanent periodic alimony, and attorneys' fees. The dissolution proceedings were quite acrimonious, and, at the time of the final hearing, Pignataro was in prison for the attempted murder of Rutledge's boyfriend.
At the final hearing, Rutledge was present with her attorney. Pignataro, who was no longer represented by counsel in this action, appeared by telephone from prison. In the final judgment of dissolution that resulted from this hearing, the trial court awarded Rutledge sole parental responsibility for the children and denied Pignataro visitation with the children while he is in prison. The trial court awarded Rutledge the personal property in her possession and the liabilities associated with that personal property. The trial court awarded Pignataro the personal property he had in his possession before he was imprisoned. The trial court did not value either the marital assets or liabilities, and it did not distribute all of the liabilities listed by the parties on their financial affidavits. The trial court also made no ruling on the issues of alimony and attorneys' fees. Pignataro challenges all of these rulings in this appeal.
On the issues of parental responsibility and visitation, Pignataro asserts that the final judgment must be reversed because it does not include a finding that shared parental responsibility would be detrimental to the children or that visitation would not be in the children's best interest. While Pignataro is correct that the trial court must make these findings, neither chapter 61, Florida Statutes, nor case law require these findings to be included in the written final judgment. If these findings were made on the record at the final hearing, the oral findings are sufficient to satisfy the statutory requirements. See Bader v. Bader, 639 So.2d 122, 124 (Fla. 2d DCA 1994) (en banc) (holding that the trial court may make the findings relating to shared parental responsibility "either on the record or in the final judgment"). *638 However, Pignataro has not provided this court with a transcript of the final hearing, and apparently none exists. In the absence of a transcript of the final hearing, this court cannot say that the trial court erred by failing to make the required findings. See Applegate v. Barnett Bank, 377 So.2d 1150, 1152 (Fla.1979) (holding that the trial court should be affirmed if the record brought forth by the appellant is inadequate to demonstrate reversible error). Therefore, we affirm on these issues.
On the equitable distribution issue, Pignataro contends that the trial court abused its discretion in distributing the marital assets because the distribution is not equal. While we cannot say that the trial court abused its discretion in fashioning its equitable distribution scheme, we must nevertheless reverse the final judgment on this issue because the final judgment does not include the required statutory findings.
In fashioning an equitable distribution scheme, the trial court is required to set apart to each spouse his or her nonmarital assets and liabilities because those are not subject to equitable distribution. See § 61.075(1), Fla. Stat. (1997). The trial court must then identify and value the marital assets and distribute those equitably between the parties. Id. See also Robertson v. Robertson, 593 So.2d 491 (Fla.1991); Embry v. Embry, 650 So.2d 190 (Fla. 2d DCA 1995). The trial court must begin its distribution with the premise that the distribution should be equal unless equitable factors compel a different result. See Robertson, 593 So.2d at 493; Lavelle v. Lavelle, 634 So.2d 1111, 1112 (Fla. 2d DCA 1994). The final distribution must be supported by factual findings based on substantial competent evidence. See § 61.075(3), Fla. Stat. (1997). A final judgment which purports to equitably distribute the parties' marital assets but which fails to comply with the statutory requirements is difficult, if not impossible, to review and requires reversal. See Staton v. Staton, 710 So.2d 744, 745 (Fla. 2d DCA), review denied, 728 So.2d 205 (Fla.1998).
Prest v. Tracy, 749 So.2d 538, 538-39 (Fla. 2d DCA 2000).
Here, the final judgment does not identify or value any of the parties' assets or liabilities, and it provides no factual findings to support the distribution scheme. Therefore, we reverse this aspect of the final judgment and remand for further proceedings.
On the issue of alimony and attorneys' fees, Pignataro correctly points out that the final judgment wholly fails to address either issue. There is nothing in the record to indicate that these issues were withdrawn from the trial court's consideration before the final hearing. When issues raised by the pleadings are properly before the trial court, it is error for the trial court to fail to rule on them. See Allen v. Heinrich, 623 So.2d 540 (Fla. 2d DCA 1993). Therefore, we remand for further proceedings on these issues.
Finally, while we are remanding for further consideration on three issues, we note that the trial court does not necessarily have to conduct a new hearing. Because we do not have a transcript of the final hearing, we cannot say that the trial court did not consider all of the equitable distribution issues on the record or that the parties did not reach some agreement on alimony and attorneys' fees that is not incorporated into the written final judgment. Therefore, on remand, the trial court must conduct a new hearing only if these matters were not sufficiently addressed at the original hearing. If these matters were addressed at the original *639 hearing, the trial court need only enter an amended final judgment memorializing its earlier findings.
Affirmed in part, reversed in part, and remanded for further proceedings.
DAVIS and CANADY, JJ., Concur.