DAVIS, Judge.
In this appeal from an order dissolving the marriage of the parties, the Husband, Barry W. Lanier, challenges the trial court’s equitable distribution scheme, its determination regarding custody of the minor children, and its order directing the Husband to pay $2255.25 per month to the Wife, Candice Lanier. We find merit in the Husband’s argument that the trial court failed to make the statutorily required written findings in support of the equitable distribution scheme and remand for the entry of such written findings. We also direct the trial court to clarify its ruling regarding custody of the children. We otherwise affirm.
The Husband correctly contends that the trial court erred in failing to follow the dictates of section 61.075(3), Florida Statutes (2002), when it entered its equitable distribution scheme without making specific findings of fact to support the distribution. That section requires the trial court in contested dissolutions to enter written findings of fact identifying and valuing marital assets from which the parties or reviewing court may discern the rationale for the distribution scheme employed. See Pignataro v. Rutledge, 841 So.2d 636 (Fla. 2d DCA 2003); Staton v. Staton, 710 So.2d 744 (Fla. 2d DCA 1998).
In the Husband’s last family law financial affidavit, filed on September 16, 2002, he listed the following marital assets: $200 in cash; $250,000 value in the marital home; a $12,000 vehicle; a $5,000 computer; $10,000 in electronics; $10,000 in china and collectibles; $25,000 in furniture; and $5,000 in tools, for a total asset value of $317,200.
In the Wife’s last family law financial affidavit, filed on January 10, 2000, she listed the following marital assets: $100 in cash on hand; $500 cash in banks; $340,000 in the marital home; $160,000 in other real estate; a $15,000 1991 Mercedes; a $3,000 Nissan Pathfinder; $30,000 in other personal property; and $105,000 in retirement plans, for a total of $653,600 in assets.
In making its equitable distribution, the trial court awarded the Husband the 1991 Nissan Pathfinder, the tools, the clothes, the sporting equipment, and the computer equipment, which amounted to $22,000 and included everything he asked for with the exception of $200 in cash. The court awarded the marital home to the Wife. However, the court did not distribute the china and collectibles, the television and electronics, or the furniture, which had a total value, according to the Husband’s valuations, of $45,000. Neither did the court equitably distribute the following items on the Wife’s financial affidavit: $500 in cash in banks; $160,000 in other real estate; the $15,000 1991 Mercedes; and $105,000 in retirement plans. It is not known what portion of the $30,000 that the Wife listed as “other personal property” *459 included the items that the court distributed to the Husband. Because there is no transcript of the final hearing, we do not know what evidence the trial court considered in reaching its conclusions.
Because a number of the assets listed on the parties’ financial affidavits were not distributed, and because the trial court’s order failed to make the required specific findings identifying and valuing the assets, we remand for entry of such findings in accord with section 61.075(3). See Pigna-taro, 841 So.2d 636.
We also observe that the trial court’s determination regarding the custody of the two minor children is somewhat unclear. While we believe that the trial court intended to order shared parental responsibility of the children while awarding primary residential custody to the Wife, the court’s order awarded the Wife “sole custody and care of the minor children ... as the primary residential parent.” Although the trial court’s subsequent reference to “Article XI Shared Parental Responsibility Contact Guidelines, 12th Judicial Florida Circuit, 2002,” appears to support what we believe the court intended, because the actual language used is vague and may be interpreted to mean that the court intended to award the Wife sole parental responsibility, we direct the trial court to clarify its order regarding the parental responsibility and custody of the children. (Emphasis added.)
Lastly, although our review of the parties’ financial affidavits raises some questions regarding the amount of the child support order, in the absence of a transcript of the hearing we are'.not able to determine that it is in error. Accordingly, the child support order is affirmed.
Affirmed in part; reversed in part; and remanded.
NORTHCUTT and COVINGTON, JJ., Concur.