887 So.2d 438 (2004)
Scott FRY, Appellant,
v.
Leigh Ann FRY, Appellee.
No. 2D04-280.
District Court of Appeal of Florida, Second District.
December 1, 2004.
James R. Kramer, Tampa, for Appellant.
Thomas P. Gill, Jr., of Thomas P. Gill, Jr., P.L., Brandon, for Appellee.
CANADY, Judge.
Scott Fry, the former husband, appeals the portion of a final judgment of dissolution of marriage awarding child care costs to Leigh Ann Fry, the former wife. Because we conclude that the judgment was inappropriately entered by a judge who *439 did not preside over the trial proceedings, we reverse.

Background
In this case, one judge presided over the pretrial proceedings and entered the final judgment, while another judge conducted the evidentiary hearing giving rise to this appeal. After the parties entered into a marital settlement agreement resolving all issues except the issue regarding child care costs claimed by Ms. Fry, the evidentiary hearing concerning that issue was conducted before Judge Daniel E. Gallagher, who entered the final judgment.
At the evidentiary hearing, Mr. Fry contended that the child care costs claimed by Ms. Fry were a "sham." These costs allegedly arose from an arrangement Ms. Fry made with her father to compensate him for the care of the Frys' two school-age children during periods when the children were not at school and Ms. Fry was herself at work or school and unavailable to care for the children. Ms. Fry contended that there was no basis to deny the claimed child care expense under the applicable statutory provision, section 61.30(7), Florida Statutes (2003).[1] Mr. Fry's claim of a sham arrangement was based on the circumstances that Ms. Fry and the children resided in the same household with Ms. Fry's father and mother and the absence of evidence establishing that Ms. Fry fully reimbursed her parents for her share of the living expenses of the household.
When the evidentiary hearing concluded, Judge Gallagher refrained from ruling on the child care cost issue and instructed counsel for the parties to submit proposed orders for his consideration. A proposed order was submitted by counsel for Mr. Fry. Counsel for Ms. Fry objected to the proposed order. In a letter to counsel for the parties, Judge Gallagher noted that he "was sitting for Judge Timmerman on a very limited basis." He also stated that if Judge Timmerman granted relief with respect to a then-pending motion for temporary suit money Judge Timmerman "might as well rule on the Final Judgment since he will have the transcript to review." Judge Gallagher went on to state that "if [Judge Timmerman] denies the [pending] motion and [counsel for Ms. Fry] does not obtain a transcript, then I am prepared to rule based on the notes I have taken." In response, counsel for Mr. Fry sent a letter to Judges Gallagher and Timmerman which stated, in pertinent part: "I feel that since Judge Gallagher heard the ... final hearing, saw the demeanor of the parties and witnesses, he should make the decision and enter the Final Judgment." Ultimately, Judge Timmerman entered the final judgment containing a provision awarding Ms. Fry the child care costs she sought. It appears that Judge Timmerman based his decision on a review of the transcript of the evidentiary hearing.

Issues on Appeal
On appeal, Mr. Fry raises a substantive point concerning the ruling on the child care expenses and a procedural point concerning entry of the judgment by Judge *440 Timmerman. The procedural point urged by Mr. Fry is that "the judge who heard the final hearing should have decided whether the day care expense sought was allowable or a sham." In response to this point, Ms. Fry argues that the entry of judgment by a judge who did not preside over the final hearing was not error "where the only issue the parties disputed was purely an issue of law." In view of our conclusion with respect to this procedural point raised by Mr. Fry, we need not consider the substantive point he has presented.

Analysis
In Bradford v. Foundation & Marine Construction Co., 182 So.2d 447, 449 (Fla. 2d DCA 1966), where the trial proceedings had been conducted before a judge without a jury, we "adopt[ed] the rule that where oral testimony is produced at trial and the cause is left undetermined, the successor judge cannot render verdict or judgment without a trial de novo, unless upon the record by stipulation of the parties." We did so because we concluded that "[t]he absence of [an] opportunity" for a trial judge  as trier-of-fact  "to personally hear the witnesses and observe their demeanor in the act of testifying... leaves a gap in the proper procedure of trial." Id.; see also In re N.C., 834 So.2d 189 (Fla. 2d DCA 2002); Smith v. Smith, 612 So.2d 713 (Fla. 2d DCA 1993); Reaves v. Reaves, 546 So.2d 744 (Fla. 2d DCA 1989); Paragon Group, Inc. v. Hoeksema, 475 So.2d 244 (Fla. 2d DCA 1985); Tompkins Land & Housing, Inc. v. White, 431 So.2d 259 (Fla. 2d DCA 1983); Umscheid v. Umscheid, 724 So.2d 1267 (Fla. 5th DCA 1999); Alvord v. Alvord, 572 So.2d 925 (Fla. 3d DCA 1990); Dash v. Dash, 306 So.2d 543 (Fla. 3d DCA 1974).
In Bradford, 182 So.2d at 449 (citing 48 C.J.S. Judges § 56a (1947)), we did acknowledge that "[i]t is generally stated that a successor judge may complete any acts uncompleted by his predecessor where they do not require the successor to weigh and compare testimony." Contending that the question at issue in the present case was "purely an issue of law," Ms. Fry invokes this statement in Bradford to justify the entry of the judgment by the successor judge. Mr. Fry contends that the principle is inapplicable here because factual questions were at issue.
We agree with Mr. Fry that this is not a case in which the judge decided a purely legal issue. At the evidentiary hearing, Mr. Fry sought to establish that-in the context of Ms. Fry's living in her parents' household-the arrangement for compensation of Ms. Fry's father was a sham. The question of whether a sham arrangement existed is inherently a factual issue involving the credibility of the witnesses who testified. In deciding whether the arrangement for compensation of Ms. Fry's father was a sham, the trial court was necessarily required to "weigh and compare testimony." Id.
In the absence of a stipulation by the parties, the entry of a judgment by a successor judge in such circumstances is not permitted. Here, there was no stipulation authorizing the entry of judgment by Judge Timmerman. Indeed, counsel for Mr. Fry specifically stated to the court that Judge Gallagher "should make the decision and enter the Final Judgment."

Conclusion
Accordingly, we conclude that the entry of the judgment by Judge Timmerman was not appropriate. In reaching this conclusion, we express no view on the substantive merit of the trial court's ruling relating to the child care expenses.
The judgment is reversed, and the case is remanded for entry of a judgment by Judge Gallagher. In the event that a *441 judgment is not entered by Judge Gallagher, it will be necessary for a new evidentiary hearing to be conducted on the disputed issue unless the parties enter a stipulation permitting decision of the matter by a successor judge.
Reversed and remanded with instructions.
WHATLEY and NORTHCUTT, JJ., Concur.
NOTES
[1] Section 61.30(7) provides:

Child care costs incurred on behalf of the children due to employment, job search, or education calculated to result in employment or to enhance income of current employment of either parent shall be reduced by 25 percent and then shall be added to the basic obligation. After the adjusted child care costs are added to the basic obligation, any moneys prepaid by the noncustodial parent for child care costs for the child or children of this action shall be deducted from that noncustodial parent's child support obligation for that child or those children. Child care costs shall not exceed the level required to provide quality care from a licensed source for the children.