SILBERMAN, Judge.
K.B. (the mother) appeals a final judgment terminating her parental rights as to her four children.[1] We reverse because the judgment contains findings that are inconsistent with the oral findings made by the judge who conducted the trial concerning the mother’s parental rights and the judgment was improperly entered by a successor judge.
In January 2005, Judge Michael Hunter conducted a trial on the amended petition for termination of the mother’s parental rights. At the conclusion of the trial, Judge Hunter made various findings but stated that he would hold a final decision in abeyance until the father’s parental rights were determined in a separate proceeding.
In October 2005, Judge Charles Lee Brown conducted a hearing regarding the father’s parental rights. Following that hearing, Judge Brown entered a final judgment making findings as to both parents and terminating their parental rights.
The mother argues, and the Department of Children and Family Services and the Guardian Ad Litem concede, that the final judgment must be reversed as to the mother. First, the final judgment was improperly entered by a successor judge. See Fry v. Fry, 887 So.2d 438, 440 (Fla. 2d DCA 2004) (holding that in the absence of a stipulation by the parties, a successor judge may not enter a judgment when factual matters were tried before a predecessor judge); S.C. v. Dep’t of Children & Family Servs. (In re N.C.), 834 So.2d 189, 189 (Fla. 2d DCA 2002) (concluding that it was reversible error for a successor judge to sign a final order of adjudication of dependency because another judge presided over the proceedings and the successor judge did not hear the testimony and argument presented at the hearings); Smith v. Smith, 612 So.2d 713, 714 (Fla. 2d DCA 1993) (“A successor judge who did not hear all the evidence may only enter a judgment upon retrial or on the basis of the prior record when the parties so stipulate.”).
Second, the judgment contains factual findings and conclusions regarding the mother that are inconsistent with the oral findings that Judge Hunter made at the conclusion of the January 2005 trial. As we observed in In re N.C., “it is unfortu *1150 nate that the parties have expended the time and money to appeal this case without first seeking to obtain an order signed by the trial judge, who retains jurisdiction to enter such orders notwithstanding rotation to another circuit court division.” 834 So.2d at 190.
Accordingly, we reverse the final judgment as to the mother and remand for Judge Hunter to enter a new judgment if he is able to do so. If Judge Hunter is not available to render a judgment, then a de novo hearing will have to be conducted unless the parties stipulate that a successor judge may render a new judgment after reviewing the record. See id.
Reversed and remanded.
KELLY and VILLANTI, JJ., Concur.

. The final judgment also terminates the father’s parental rights. He is not a party to this appeal.