EMAS, J.
Hannah M. Krumholz appeals an order determining her totally incapacitated and appointing a plenary guardian to act on her behalf. For the reasons that follow, we reverse and remand with directions to hold a new adjudicatory hearing.
On May 24, 2011, Krumholz’s niece, Rhoda Rosen (“Rosen”), filed a petition to determine that Krumholz was incapacitated. The court appointed Rosen, and professional guardian Vicki Brail, as temporary co-guardians and entered an order summoning an examining committee to make recommendations regarding Krum-holz’s alleged incapacity.
An eight-hour adjudicatory hearing was held over the course of two days, at which twelve witnesses testified both in support of, and in opposition to, the petition. Following the presentation of the testimony and other evidence (which included thirty-nine exhibits), the trial court entered a three-page order determining Krumholz totally incapacitated. The order stated there were no reasonable alternatives to guardianship, and that no alternatives would sufficiently address her problems and needs, and appointed Brail as Krum-holz’s plenary guardian. The order was, by and large, a form order which provided a blank space to be filled in by the trial court. In that blank space, the court indicated that Krumholz suffered from inca-pacities of the following nature and scope: “Imminent danger that the physical or mental health or safety will be seriously impaired. She suffers from dementia, memory loss and amnestic cognitive impairment and delusions.” There were no other individualized findings of fact contained in the order. Krumholz appealed.
Following oral argument, this court entered an order relinquishing jurisdiction for ninety days to permit the trial court judge to make the requisite findings of fact pursuant to section 744.331(6)(c), Florida Statutes (2012),[1] and directing the parties to provide a status report within sixty days.
The parties submitted status reports, indicating that Judge Arthur Rothenberg, the original trial judge who presided over the hearing and who rendered the order, has since retired from active judicial service. Further, Judge Rothenberg now serves as a private mediator, and in that capacity participates in all matters heard in the probate division of the Eleventh Judicial Circuit, including guardianships. Therefore, even if Judge Rothenberg was willing, on a volunteer basis, to prepare an order containing findings of facts as directed by this court in its order relinquishing jurisdiction, he would be prohibited from doing so under Florida’s Code of Judicial *343 Conduct. See Canon 5F(2), Code of Judicial Conduct (2012) (providing in part that “[a] senior judge who provides mediation services shall not preside over the same type of case the judge mediates in the circuit where the mediation services are provided.... ”).[2]
Because the order under review fails to contain sufficient findings of fact as required by section 774.331(6)(c), and the original trial judge is no longer available, or is otherwise precluded from preparing findings of fact in compliance with this Court’s order relinquishing jurisdiction,[3] we are constrained to reverse the order below and remand this cause for a new adjudicatory hearing before a successor judge.[4]
Reversed and remanded for further proceedings consistent with this opinion.

. Section 744.33 l(6)(c), Florida Statutes (2012) provides: “In determining that a person is totally incapacitated, the order must contain findings of fact demonstrating that the individual is totally without capacity to care for herself or himself or her or his property.”

. Canon 5F(2) also provides that "[a]bsent express consent of all parties, a senior judge is prohibited from presiding over any case involving any party, attorney, or law firm that is utilizing or has utilized the judge as a mediator within the previous three years.... ” Appellee and Appellant appear to agree that Judge Rothenberg recently mediated an unrelated case involving Appellee’s counsel.

. The trial court did not orally announce its decision, nor did it make any oral findings on the record at the conclusion of the two-day hearing. Instead, the court invited the parties to submit written closing arguments within thirty days, and entered its written order approximately 110 days after the conclusion of the hearing. In the absence of oral findings of fact, therefore, the entry of a written order in the instant case would not constitute a ministerial act of reflecting that which was already orally pronounced. See Plaza v. Plaza, 21 So.3d 181, 182 (Fla. 3d DCA 2009) and cases cited.

.Given that the trial court, in reaching its decision, would be required to assess the credibility of the witnesses and to evaluate and determine the relative weight to be accorded to the conflicting evidence, we cannot agree that the preparation of an order making the requisite findings of facts is a "ministerial act” that could be performed by a successor judge merely upon a review of the hearing transcripts. See Alvord v. Alvord, 572 So.2d 925, 926 (Fla. 3d DCA 1990); Moore v. Dep't of Health & Rehab. Servs., 664 So.2d 1137, 1139 (Fla. 5th DCA 1995). Absent the parties’ stipulation to such a procedure, a new trial is required. Alvord; Moore.