NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

E.V.,                                  )
                                       )
      Appellant,            )
                                       )
v.                                     )           Case No. 2D18-2240
                                       )
D.M.V.H.,                              )
                                       )
      Appellee.             )
_____)

Opinion filed May 29, 2019.

Appeal from the Circuit Court for Collier
County; Elizabeth V. Krier, Judge.

Colette Kellerhouse Wright of Kellerhouse
Law, Naples, for Appellant.

Neil Morales of Law Offices of Neil Morales,
P.A., Naples, for Appellee.


PER CURIAM.

      E.V., the Father, appeals the final judgment on his petition to establish

paternity and the counterpetition filed by D.M.V.H., the Mother.  He raises six arguments

on appeal, which relate to the calculation of his income, the support arrearage, the

Mother's income, the parenting plan, the time-sharing schedule, and the limited length

of the trial.  We reverse the judgment to the extent the parenting plan did not include

one of the statutorily required findings. We remand for entry of this finding and to correct the clerical errors and other minor omissions in the parenting plan. We otherwise affirm the judgment without comment.

The Father argues that the parenting plan is legally insufficient because it does not comply with section 61.13(2)(b), Florida Statutes (2017), in five ways: (1) it fails to provide that either parent may consent to health treatment for the child; (2) it fails to describe the methods and technologies that the parents will use to communicate with the children; (3) it lists the Father as the school-based parent; (4) it designates the Father as the parent with whom the children will reside the majority of the time; and (5) it contains an error regarding the number of overnights.

Section 61.13(b) provides the minimum requirements for a court-approved parenting plan. Reversal is required where the trial court fails to create a time-sharing schedule entirely, see Munroe v. Olibrice, 83 So. 3d 985, 987 (Fla. 4th DCA 2012) ("Because the court did not create or approve a parenting plan, much less one which satisfies the requirements of section 61.13(2)(b), we are required to reverse the orders establishing the time-sharing schedule."), or where the parenting plan included in the final judgment lacks specific findings in compliance with section 61.13(2)(b), Duke v. Duke, 211 So. 3d 1078, 1083 (Fla. 5th DCA 2017); Magdziak v. Sullivan, 185 So. 3d 1292, 1293 (Fla. 5th DCA 2016) (reversing final judgment of modification that merely adopted the father's recommended parenting plan without actually attaching it).

The parenting plan incorporated into the final judgment in this case is the form approved by the Florida Supreme Court and is sufficiently specific as to the minimum requirements set forth in section 61.13(2)(b), with one exception. Under

section 61.13(2)(b)(4), the parenting plan must "[d]escribe in adequate detail the methods and technologies that the parents will use to communicate with the child." This section of the form plan is blank. As a result, we direct the trial court to make these findings. See Lanier v. Lanier, 861 So. 2d 457, 459 (Fla. 2d DCA 2003) (reversing in part and remanding for "the trial court to clarify its order regarding the parental responsibility and custody of the children").

On remand, the trial court should also address the rest of the issues identified by the Father, particularly the number of overnights, which the Mother concedes are clerical errors. See Pope v. Langowski, 115 So. 3d 1076, 1078 (Fla. 4th DCA 2013) ("In its discretion, the trial court may also address the other 'inconsistencies' identified by the father . . . [which] were not so pervasive or significant that they constitute an abuse of discretion requiring reversal of the entire parenting plan.").

Affirmed in part; reversed in part; remanded with instructions.


CASANUEVA, VILLANTI, and ATKINSON JJ., Concur.