DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**HEATHER RAMIREZ,**
Appellant,

v.

**ANTHONY RAMIREZ,**
Appellee.

No. 4D19-3260

[March 18, 2020]

Appeal of a nonfinal orders from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Dina A. Keever-Agrama, Judge; L.T. Case No. 2019 DR 008018 NB FH.

Michael D. Cirullo Jr. of Goren Cherof, Doody & Ezrol, P.A., Fort Lauderdale, and Joshua K. Friedman and Jason A. Brodie of Brodie & Friedman, P.A., Boca Raton, for appellant.

Ryan C. Tyler and Kimberly L. Boldt of Boldt Law Firm, P.A., Boca Raton, for appellee.

PER CURIAM.

The wife in this pending dissolution case appeals orders determining jurisdiction, granting the husband's emergency motion to pick up the children, and awarding the husband sole physical custody and sole parental responsibility on a temporary basis. We reverse as to the award of sole parental responsibility and otherwise affirm without prejudice.

The parties and their three children moved from Ohio to Palm Beach County in December 2018. In early September 2019, the husband told the wife he wanted a divorce, and the wife left with the children to go back to Ohio. The day after the wife left for Ohio, the husband filed a petition for dissolution of marriage in Palm Beach County. In the petition, he sought shared parental responsibility with joint decision-making and timesharing. At the same time, he also filed an emergency motion to pick up the children from Ohio, return them to Palm Beach County, and place them in his "sole care" on a temporary basis. The court granted an

emergency hearing on the husband's motion. The wife did not appear at the hearing, but was represented by an attorney.

Following the hearing, the court concluded that it had jurisdiction to determine child custody and found that the wife had improperly removed the children from the state. It granted the husband's motion to pick up the children and awarded him sole physical custody and sole parental responsibility on a temporary basis. The wife filed a motion for reconsideration, but the court never ruled on it. This appeal followed.

Most of the wife's arguments were not preserved for appeal because she raised them for the first time in her motion for reconsideration, and the court never ruled on the motion. *See Carratelli v. State*, 832 So. 2d 850, 856 (Fla. 4th DCA 2002) ("[A] party must obtain a ruling from the trial court in order to preserve an issue for appellate review.").

The only issue preserved for appeal is whether the trial court violated the wife's due process rights by awarding the husband sole parental responsibility even though he never requested that relief in his pleadings. The husband asked for shared parental responsibility in his dissolution petition and asked only for "sole care" of the children in his emergency motion. The court ruled that the husband's request for "sole care" of the children was a sufficient request for sole parental responsibility.

We have de novo review of this pure question of law. *See Arsali v. Chase Home Fin. LLC*, 121 So. 3d 511, 514 (Fla. 2013). We conclude that the court erred in awarding the husband sole parental responsibility because his request for "sole care" of the children was insufficient to place the wife on notice that her parental rights were at stake. *See Williams v. Primerano*, 973 So. 2d 645, 647 (Fla. 4th DCA 2008) (reversing an order designating the father as the primary residential parent because his motion to pick up the child did not give the mother notice that her primary residential custody was at stake); *Lanier v. Lanier*, 861 So. 2d 457, 459 (Fla. 2d DCA 2003) (holding that an order awarding a party "sole custody and care of the minor children" was vague as to whether the court intended to award the party sole parental responsibility).

We therefore reverse the award of sole parental responsibility to the husband and remand for the court to determine parental responsibility according to the best interests of the children, as required by section 61.13, Florida Statutes. As to the remaining issues on appeal, we affirm without prejudice to the court revisiting them in the course of a regular, non-emergency temporary relief hearing.

*Reversed and remanded in part; affirmed without prejudice in part.*

LEVINE, C.J., KLINGENSMITH and KUNTZ, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**