# Third District Court of Appeal

## State of Florida

Opinion filed May 19, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1784
Lower Tribunal No. 18-36911
_____

**Joseph P. Klock, Jr., et al.,**
Appellants,

vs.

**Citibank, N.A., etc.,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Mark Blumstein, Judge.

Obront Corey, PLLC, and Michael James Corey; Rasco Klock Perez & Nieto, and Joseph P. Klock, Jr., Susan E. Klock and Juan Carlos Antorcha, for appellants.

Akerman LLP, and Nancy M. Wallace (Tallahassee), William P. Heller (Fort Lauderdale), and Eric M. Levine (West Palm Beach), for appellee.

Before FERNANDEZ, LINDSEY and BOKOR, JJ.

PER CURIAM.

Joseph P. Klock, Jr., and Susan M. Klock appeal from a nonfinal order denying their motions to disqualify Akerman LLP from representing Citibank in this foreclosure action. Based on the contested allegations presented, the trial court should have conducted an evidentiary hearing. Joseph and Susan M. both filed affidavits which create an issue (or issues) of fact material to the propriety of Akerman's disqualification. Joseph's affidavit avers that he discussed the legal and factual matters underlying this case with his sister, Kathy Klock, an attorney who has been a partner at Akerman since 2014. Joseph relies on the facts as presented in his affidavit to claim an attorney-client relationship with his sister Kathy and a resulting irreconcilable conflict with Akerman's representation of Citibank in this case. Kathy's affidavit, on the other hand, explains that no conversations occurred between her and her brother Joseph related to this case or previous foreclosure cases involving the same property, either before or after her arrival at Akerman, that could constitute an attorney-client relationship or otherwise give rise to a disqualification of the entire firm.

The current judge who will be tasked with making the ultimate determinations of fact abused his discretion in not conducting an

evidentiary hearing under these circumstances. See Krumholz v. Guardianship of HK, 114 So. 3d 341, 343 n.4 (Fla. 3d DCA 2013) (citing Alvord v. Alvord, 572 So. 2d 925, 926 (Fla. 3d DCA 1990); Moore v. Dep't of Health & Rehab. Servs., 664 So. 2d 1137, 1139 (Fla. 5th DCA 1995)). A trial judge may not rely on the record of an evidentiary hearing before a predecessor judge when the current judge will be required, as here, to make factual findings and assessments of credibility. See id. Accordingly, we quash the order on appeal and remand to the trial court to conduct the requisite evidentiary hearing.